### In re MARKS.

*(Supreme Court, General Term, Second Department.   July 2, 1889.)*

EMINENT DOMAIN—FOREIGN RAILROAD COMPANIES.

Laws N. Y. 1881, c. 649, amending act April 2, 1850, provides that "if at any time after the construction of any railroad operated by steam, by any company now existing, or that may hereafter be created, such company, or any company owning, operating, or leasing such railroad, or any mortgagee or mortgagees in possession of such railroad, or person or persons appointed  *  *  *  as receiver or receivers of any such railroad, and in the possession of and operating the same, shall require, for the purposes of its incorporation, or for the purpose of running or operating any railroad so owned, " etc., "any real estate in addition to what has been already required for the purposes of such railroad, " etc., the necessary lands may be acquired in the manner therein provided.   *Held*, that foreign corporations are entitled to the benefits of the act.

Appeal from special term, Westchester county.

This an appeal by Robert Marks from an order appointing commissioners to ascertain the compensation to be made by the petitioner, the New York, New Haven & Hartford Railroad Company, a Connecticut corporation, for certain lands in Port Chester, proposed to be taken by the petitioner for railroad purposes.   Its railroad has for many years been constructed and operated through Westchester county under and by virtue of act May 11, 1846, and the lands which it now proposes to take are for "tracks in addition to its present tracks, and for the purpose of providing additional station grounds." The proceeding is under the provisions of act April 2, 1850, § 21, as amended by Laws 1881, c. 649.   The material portion of the latter act is as follows:  "If at any time after the construction of any railroad operated by steam by any company now existing, or that may hereafter be created, such company, or any company owning, operating, or leasing such railroad, or any mortgagee or mortgagees in possession of such railroad, or person or persons appointed by any court of competent authority as receiver or receivers of any such railroad, and in the possession of and operating the same, shall require, for the purposes of its incorporation, or for the purpose of running or operating any railroad so owned, leased, or possessed, as aforesaid, any real estate in addition to what has been already acquired for the purposes of such railroad," etc., the necessary lands may be acquired by proceeding in the manner therein provided for.   The question presented is whether a foreign corporation is entitled to the benefits of this statute.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Noxon Bros.*, for appellants.   *Page & Taft*, for respondent.

PRATT, J.   The language of the amendment to section 21 is broad enough to allow a foreign corporation to take land under its provisions.   The act is remedial, and should be construed liberally.   The public welfare is promoted by the efficient operation of the railroads within the state.   Order affirmed, with costs.