George Morgan, by Guardian, Respondent, v. The New York Central and Hudson River Railroad Company, Appellant.—DYKMAN, J.: This is an action for assault and battery committed by an officer of the defendant upon the plaintiff. The testimony on the part of the plaintiff made a plain case for the jury, and the motion for a nonsuit was properly denied. The testimony on the part of the defendant tended to show that the officer did no more than he was justified in doing in the discharge of his duty. So the case went to the jury under a charge to which there was no exception, and which defined the rights of the parties with accuracy. As the verdict was found for the plaintiff, we must assume that the jury found facts according to the testimony he laid before them, and that made an aggravated case of assault and battery. Under such circumstances, we cannot interfere with the verdict, and the judgment and order denying the motion for a new trial on the minutes should be affirmed, with costs. Pratt, J., concurred; Barnard, P. J., not sitting. Judgment and order denying new trial affirmed, with costs.

Daniel Smith, Respondent, v. John Flannery, Appellant.—DYKMAN, J.: This is an action for assault and battery, and upon the trial the plaintiff introduced proof of two assaults and injuries, one committed by the defendant himself, and one committed by Glynn by direction of the defendant. There was much contradiction in the testimony. One witness, however, who was with the plaintiff testified positively that he heard the defendant say after the plaintiff was outside of the defendant's house, "Glynn, go out and do that man up." That was denied by the defendant, and other witnesses who were present said they did not hear it said. That was a very material question upon the trial, because the serious injuries of the plaintiff were received outside of the house. Upon that sharp conflict of testimony the case went to the jury and the verdict was found for the plaintiff for $570. The injuries of the plaintiff were very severe, and the verdict indicates the belief of the jury of the testimony introduced in his behalf. That being so, the evidence established an aggravated case, and this court cannot interfere. The judgment should be affirmed, with costs. Pratt, J., concurred; Barnard, P. J., not sitting. Judgment and order denying new trial affirmed, with costs.

Jeremiah P. Robinson and Others, Respondents, v. William H. Beard and Others, Appellants.—DYKMAN, J.: This is an action to compel the defendants, as executors of William Beard, deceased, to perform specifically certain covenants contained in a lease made by their testator to Jeremiah P. Robinson and another. The action has been tried before a judge at Special Term and the facts found in favor of the plaintiff, and a judgment directed in his favor. The defendants have appealed from the judgment, and while they find no fault with the findings of fact, they yet contend that the judgment is erroneous. On the contrary, in our view, the case depends entirely upon the facts, and our examination satisfies us that the trial judge reached the correct legal conclusion upon the facts which he found, and that all his findings are fully justified by the evidence. The case depends upon its own peculiar facts and a lengthy analyzation of the evidence will serve no beneficial purpose. The judgment should be affirmed, with costs. Barnard, P. J., concurred; Pratt, J., not sitting. Judgment affirmed, with costs.

Albert G. Howe, Respondent, v. Edward M. Oldham, Appellant. — Action for assault. Judgment reversed and new trial granted, costs to abide event. Opinion by Pratt, J. (not published by direction of Pratt, J); Barnard, P. J., dissenting.

New York, New Haven and Hartford Railroad Company, Respondent, v. Henry Welsh and Another, Appellants.—PRATT, J.: The need of plaintiff for the land sought to be condemned is fully proven. And there can be no doubt that the public interest is subserved by granting full facilities to plaintiff to transact its business. The case of *Mark* (25 N. Y. St. Repr. 502) must be regarded as establishing the right of the plaintiff to condemn lands in this State. The former action, where the village sought to condemn the same land to be used as a public street, has no bearing upon this proceeding. The question then was, whether this land was needed for a public street. The present question is whether this land is needed by the railroad company to provide adequate facilities for its traffic. The case was well decided and the judgment must be affirmed, with costs. Barnard, P. J., concurred; Dykman, J., not sitting. Judgment affirmed, with costs.

Edgar L. Pierson, Appellant, v. Norman L. Munro, Respondent.—DYKMAN, J.: This is an action to recover commissions for the sale of the plant and business of the defendant in the city of New York, consisting of a printing and publishing establishment, real property, machinery, plates and printing presses, several publications and the good will of all the business. The price fixed for the property was $2,000,000, and the commission to be paid in case of a sale was fixed at $75,000, and that is the amount claimed in this action. The complaint was dismissed upon the trial because no sale was established. There was no effort to prove a sale because none had been effected, but the plaintiff claimed the right to recover without showing a sale on the ground that the defendant had overstated the productivity of the plant. The plain and conclusive answer to the proposition was that the defendant had not made any representations upon the subject. We think the judgment may be sustained upon two grounds: *First*, the defendant never employed the plaintiff to make the sale, and, *second*, that no sale was ever made. The judgment should be affirmed, with costs. Barnard, P. J., and Pratt, J., concurred. Judgment affirmed, with costs.