WILLIAM B. LITCH

v.

EDWARD S. CLINCH ET AL.

*Res adjudicata—Set-off—D fault—Decree—Affirmative Relief—Mortgages.*

1. A judgment against a defendant by default is not conclusive as to his right to recover on a claim pleaded by him as a set-off.

2. In order to establish as a set-off the plaintiff's liability to account for property of the defendant, which has been disposed of by plaintiff, it must be shown that the property was of some value.

3. Where a defendant in partition files a cross-bill asking to have a deed given by him declared a satisfied mortgage, and that it be canceled, and that an accounting be had between him and the mortgagee, the court may, if it finds the deed to be an unsatisfied mortgage, determine the amount due thereon, though no other affirmative relief is prayed for by the mortgagee.

[Opinion filed May 28, 1890.]

APPEAL from the Circuit Court of Ogle County.

Mr. WILLIAM B. LITCH, *pro se.*

Mr. D. D. O'BRIEN, for heirs and executors of George W. Platt, deceased.

MORAN, J. A bill was filed in the Circuit Court of Ogle County for the partition of certain land in said bill described, and to said bill appellant and appellees were made defendants. After answering the original bill appellant filed his cross-bill, in which he alleged that he was indebted in 1873 to Edward S. Clinch and George W. Platt in the sum of $1,100, to secure which indebtedness he gave to said Clinch on September 3, 1873, a quit-claim deed of the land described in the original bill, together with a house, lot and office in Ballston Spa, New York; that on said day Clinch and wife conveyed the land described in the original bill to George W. Platt, and in April, 1875, conveyed to one Nancy Wilber the house, lot

Litch v. Clinch.

and office in Ballston Spa. The cross-bill proceeds to allege that appellant had, in 1872, a suit pending in Boston against one Carnes, for legal services rendered in certain proceedings in reference to two certain lots of ground in New York City; that Clinch, acting for himself and for Platt, induced appellant to abandon said suit in Boston and turn over certain papers pertaining thereto to him, Clinch, to be used in a litigation which Platt had then pending in New York against Carnes, said Clinch agreeing for himself and Platt to pay for said papers, and appellant claims a large sum of money to be due to him therefor. The cross-bill further alleges that in December, 1881, appellant was sued by Platt's executors, Clinch acting as attorney, in the Marine Court of New York City for the said indebtedness, and that he drew and filed an answer in said Marine Court and employed one Clute, an attorney of New York, to defend said suit in said Marine Court. That in February, 1882, a judgment was recovered in said suit against appellant by fraud and deception, and in favor of said Platt's executors, for $1,500, no one appearing for him in said suit at the time said judgment was rendered; that Clinch and said Clute fraudulently and corruptly colluded and conspired in getting said judgment, and designedly misled appellant as to the time said suit would be tried, and that appellant did not know there was such a judgment against him until suit was brought upon the same against him in Ogle county. That an action is pending against him in said Ogle Circuit Court on said judgment. Prays that said action be enjoined; refers to the exemplified copy of the record of the judgment of the Marine Court of the City of New York, all of which is to be considered incorporated in, and become a part of the said cross-bill. Prays that the court cancel of record said quit-claim deed of said land to said Clinch, and cancel the quit-claim deed from Clinch and wife to said Platt in his lifetime; and to render a decree against Clinch and the representatives of said Platt, and in favor of appellant for the balance found due to him after a full examination.

This cross-bill was answered by the heirs and executors of Platt, claiming the land conveyed in the deed from appellant

to Clinch, and described in the original bill in full, and deny
ing that appellant had any interest therein; denying that they
owe appellant anything whatever, and alleging that he has no
defense to suit at law upon the judgment, and denying all
fraud in obtaining the same. On the hearing the court
found that the conveyance of September, 1873, from appel-
lant to Clinch, of land described in the the original bill, and
the lot, etc., in Ballston Spa, was by way of security for appel-
lant's indebtedness to Platt, and that said Platt's executors had
but a mortgage interest in said land, and that appellant was the
owner thereof, subject to said mortgage; that the judgment
in the Marine Court was for the same indebtedness that said
land was conveyed to secure, and that in the suit in said Marine
Court, appellant had claimed and set up in a plea of set-off,
by him filed in said suit, that said indebtedness had been paid
by the appropriation of the Ballston Spa lot, house and office,
and that said set-off was not withdrawn, and the said matter
was therefore *res adjudicata* by the judgment of said Marine
Court. That there was nothing due to appellant for the use
of the Carnes papers; that the indebtedness for which said
Marine judgment was obtained, and the indebtedness to
secure which the quit-claim deed of the land in the original
bill described was given to Clinch, is one and the same in-
debtedness, and that there is due thereon, interest and principal,
the sum of $1,982.35, and that said executors of George W.
Platt, deceased, have a mortgage lien on the interest of ap-
pellant in the land described in the original bill, and it was
ordered that the cross-bill be dismissed.

From this decree the appeal is prosecuted and several
errors are assigned.

The principal question in the case relates to the binding
effect of the judgment of the Marine Court of the City of
New York. It appears from the exemplified record thereof,
that appellant filed in that suit a plea setting up by way of
counter-claim or set-off against the indebtedness on the notes
on which he was sued, a claim for the value of the Ballston
Spa lot, house and office, which Clinch and Platt had con-
veyed to Nancy Wilber. When the trial came on appellant

was not present to support his counter-claim, and was defaulted by the court, and judgment rendered against him for the amount due on the notes with interest.

The rule of law is that a judgment of a court having jurisdiction of the parties and the subject-matter, will conclusively bind the same parties and their privies, and will bar their calling in question in any subsequent action, the matter of claim or defense which were or could have been litigated in the action in which the judgment was rendered.    Gray v. Gillilan et al., 15 Ill. 453;  Harmon v. The Auditor, etc., 123 Ill. 122.

It is sometimes a question of nicety to determine what specific matters must be held to be concluded by the former judgment.   Such matters of defense as were properly involved, though they may not have been presented by the pleadings, nor in fact raised or discussed on the trial, will be barred, because such matters the defendant is bound to present.   But a set-off or counter-claim, the defendant is at liberty to present, or to withhold and make the basis of a new action, and the inquiry here presented is whether, where a plea of set-off is filed and is not withdrawn, and the record shows that no evidence was offered in support of it, the judgment will bar a subsequent claim for the matter set up in the plea.   We do not regard this question as settled by any of the cases in which the doctrine of *res judicata* has been considered by our Supreme Court, nor do we find what we regard as direct authority on the point in any of the decided cases.   In Eastmure v. Laws, 7 Scott's R., 461, it was held that a set-off not withdrawn became *res judicata* after the verdict and judgment had passed, though no evidence was given in support of the plea.   There the record which was relied on as conclusive, showed nothing, one way or the other, as to whether evidence was introduced in support of the plea of set-off, but it was set up in a replication filed to the plea of *res judicata,* that no evidence was offered to the jury in support of the set-off, and the court held the replication bad.

The reasoning of the different judges would seem to support the conclusion that if the set-off is not withdrawn, the

judgment will be conclusive upon it, whether it was supported by evidence or not. We think, however, a distinction may be fairly taken between that case and this on the point that the record in this case shows affirmatively that no evidence was offered on the counter-claim or set-off. Though the plea may be on file, the matter can not be said to have been submitted to the court where no evidence was offered under it, and the record shows no judgment upon it, but in effect that it was not tried or submitted. We are inclined to the opinion that the record of the Marine Court shows no such determination of the matter in relation to the Ballston Spa house and lot, as precluded appellant from inquiring into that matter in this suit. Burwell v. Knight, 51 Barb. 267.

But this conclusion will not authorize the reversal of this decree. It appears from the evidence of Clinch that nothing was obtained by the conveyance of said lot, and appellant wholly failed to show by any competent evidence that it was of any value. Appellant was not a competent witness to prove that fact. The parties adverse to him in this issue were defending as the heirs and executors of Platt, deceased. Therefore, though the court may have been wrong in holding that the question of accounting for the value of the Ballston Spa lot was *res judicata*, yet the decree is right; for while appellant set up said matter in his cross-bill and claimed an account thereof, alleging the value to be $1,500, he failed to introduce legal evidence to support such allegation, and the court could not do otherwise than reject the claim.

Appellant contends that the court granted to appellees affirmative relief without any pleading on their part justifying it, in that the court found that they were entitled to the sum decreed to be due them on the mortgage.

This contention can not be sustained. Appellant in his cross-bill set out the quit-claim deed to Clinch and the defeasance from him, constituting the transaction a mortgage, and alleged that said mortgage was satisfied, and nothing due to appellee thereon, but that on the contrary they were indebted to him, and asked the court to cancel the said mortgage. Appellees answered the cross-bill denying these allegations·

Upon such pleadings it was, in this partition suit, the duty of the court to determine whether said transaction was a mortgage, and whether as it stood it was to be removed or canceled as a cloud on appellant's interest in the land, and appellant expressly prays that his indebtedness against the Platt estate and Clinch, and their indebtedness against him, should be inquired into, and a proper decree rendered in favor of the proper person or persons.

Appellant's contention that there was fraud and collusion in obtaining the judgment in the Marine Court against him, is not supported by the proof which he introduced, and there was no competent evidence to sustain his claim for the value of the papers in the Crane suit.

On the whole record, we think the decree of the Circuit Court supported by the evidence and free from material error, and the same will therefore be affirmed.

*Decree affirmed.*