## JARVIS v. NEW YORK HOUSE WRECKING CO.

(Supreme Court, Appellate Term.   June 22, 1903.)

1. COUNTERCLAIM—FAILURE OF PROOF—DISMISSAL—RES JUDICATA.
   Where defendant failed to prove any damage under its counterclaim, and the court directed a verdict dismissing the counterclaim, there was merely a dismissal for failure of proof, not barring an action by defendant to recover for the cause of action stated in the counterclaim.

2. SAME—REOPENING CASE.
   Where defendant failed to prove any damage under its counterclaim, the denial of a motion to reopen a case to present proof of damage after the testimony was closed was not an abuse of discretion.

Appeal from City Court of New York.

Action by Robert M. Jarvis against the New York House Wrecking Company.   From a judgment for plaintiff, defendant appeals. Modified.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Kellogg & Beckwith, for appellant.
Kenneson, Crain, Emley & Rubino, for respondent.

FREEDMAN, P. J.   The plaintiff sued upon two causes of action—the first, for the value of certain goods sold and delivered, to the amount of $129.64, and this claim is admitted by the answer. The second is for the use of certain premises, on which certain material purchased by the defendant from plaintiff was stored, amounting to $150.   This was denied by the defendant.   The defendant, in addition to its denials, set up a counterclaim for breach of contract, in a refusal on the part of the plaintiff to deliver a quantity of lumber purchased by defendant of plaintiff.   Upon the trial defendant offered some testimony in support of its counterclaim, but failed to prove any damage.   After the testimony was closed on both sides, the defendant moved to reopen its case and present proof of damage. This was denied by the court, and plaintiff's attorney moved that the counterclaim be dismissed.   This motion was granted, and no exception taken thereto.   The court, in granting plaintiff's motion, said, "I direct a verdict for the plaintiff, dismissing the counterclaim."   The effect of the foregoing is merely a dismissal of the defendant's counterclaim for failure of proof, and is not a bar to an action on the part of the defendant to recover therein; nor was, under the circumstances of this case, the court's refusal to reopen the case an abuse of his discretion.

Upon the plaintiff's claim for the use of certain premises, the motion made by the defendant at the close of the plaintiff's case to dismiss that part of the plaintiff's cause of action should have been granted. There was no proof of an agreement between the parties making the defendant liable for the payment to the plaintiff of rent.   The alleged agreement was made, if at all, with one Wolf, who was merely an employé of the defendant, with special, limited duties to perform; and it is clear that, assuming that the conversation between the plaintiff

and Wolf constituted an implied contract to pay rent for the use of the premises, Wolf had no authority to bind the defendant.

The defendant's counterclaim having been dismissed, and the plaintiff having failed to sustain a cause of action against the defendant upon his second claim set up in the complaint, the verdict of the jury in favor of the plaintiff for the sum of $279.64 was erroneous. The judgment must therefore be reduced to the sum of $129.64 and costs.

Judgment modified by reducing the amount of judgment to $129.64 and costs, and, as modified, affirmed, without costs to either party of this appeal. All concur.