Argued January 27, modified February 9, further modified on rehearing March 16, 1915.

# SPENCE v. HULL.

## (146 Pac. 95; 146 Pac. 98.)

### Judgment—Conclusiveness—Matters Concluded.

1. A judgment or decree rendered upon the merits is a final conclusive determination of the rights of the parties and a bar to a subsequent proceeding between them on the same claim or cause of action, not only as to the matter actually determined, but also as to everything else which the parties might have litigated and had decided as an incident to or essentially connected therewith, either as a matter of claim or defense.

> [As to conclusiveness of judgment and the elements necessary to it, see note in 8 Am. St. Rep. 229.]

### Judgment—Conclusiveness—Judgments Operative at Bar.

2. Under Section 759, L. O. L., providing that that only is deemed to have been determined by a former judgment, decree or order which appears upon its face to have been so determined, or which was actually and necessarily included therein or necessary thereto, a judgment which is not based on the merits of the action is no bar to another action or suit on the same issues.

### Judgment—Conclusiveness—Matters Concluded.

3. Plaintiff contracted to exchange a house and lot for certain crops and personal property, and as a separate transaction purchased from defendant a number of hogs and chickens. He executed a deed to the house and lot which was not then executed by his wife. Defendant sued plaintiff for the price of the hogs and chickens, and also claimed damages for the wife's failure to sign the deed. Plaintiff counterclaimed for damages from defendant's false representations as to the number of acres of the crops. The court rendered judgment for the price of the hogs and chickens, and decided that the counterclaim could not be tried in that action. *Held*, that such judgment did not bar an action by plaintiff to cancel the contract for the exchange of property because of the false representations, as a party is not barred from instituting a suit or action on a claim or demand, because it was pleaded as a setoff or counterclaim in a former action or suit, if it was not adjudicated or allowed therein in consequence of being excluded or rejected by the court, or voluntarily withdrawn.

### Exchange of Property—Rescission—Shortage in Property.

4. Where plaintiff, in contracting to exchange a house and lot for crops, machinery and livestock, was led to believe, as an inducement to make the contract, that there were 100 acres of crops, and offered to trade on the condition that there were 100 acres, and, though he subsequently visited the farm, the crops were in irregularly shaped fields which could not be accurately estimated or easily measured, and, though defendant made a change in the list of property stating the number of acres, it was not so made as to be understood by plaintiff, plaintiff was entitled to rescind because there were in fact less than 70 acres of crops.

Exchange of Property—Rescission—Conditions Precedent.

5. Where plaintiff, induced to exchange a house and lot for crops and personal property by representations that there were 100 acres of the crops, shortly after taking possession and ascertaining that there was a shortage of about 30 acres, informed defendant of the shortage and requested him to make a correction, which he refused to do, and plaintiff thereupon promptly asked defendant to rescind, offering to return the personal property, and at all times thereafter insisted upon a rescission, he conformed to the rule that one induced to enter into a contract by fraud may either affirm the contract and sue for damages or disaffirm it and be reinstated in the position in which he was before it was consummated, but that the adoption of one of these remedies excludes the other, and that a party desiring to rescind must act promptly and return or offer to return what he has received under the contract.

[As to representations by vendor as to value of property, see notes in 15 Am. Rep. 382; 18 Am. St. Rep. 556.]

From Multnomah: WILLIAM N. GATENS, Judge.

Department 2.   Statement by MR. JUSTICE BEAN.

This is a suit in equity by W. C. Spence against O. J. Hull and Ada E. Hull to cancel a contract between plaintiff and defendant O. J. Hull, on the ground of fraud.   The facts were submitted to a jury, and the court rendered a decree in favor of plaintiff.   The defendants appeal.

The transaction involved was an exchange on the 22d day of July, 1912, of lot 12, block 5, Oakhurst Addition to the City of Portland, Oregon, of the value of $3,000 over and above a mortgage of $700, by plaintiff to defendant O. J. Hull, for certain crops, machinery and livestock on the Osborne farm in Clackamas County, Oregon.   At the time the negotiations were begun, George S. Geis was the owner of one half of the crops and a portion of the personal property, and defendant Hull owned the remainder.   Afterward, arrangements were made between Geis and Hull, so that the latter traded the entire crop and the personal property to plaintiff Spence for the house and lot.   At the time of the exchange, and as a separate transac-

tion, Hull sold Spence a number of hogs for $227 and some chickens for $20. Plaintiff alleges and contends that the contract was made upon the false representations of Hull; that there were 25 acres of oats, 50 acres of clover and 25 acres of potatoes on the farm, all of the estimated value of $2,800. At the time of the agreement, W. C. Spence signed and acknowledged a deed of the lot to Hull, which, with the bill of sale of the personal property, was left in the real estate office in Portland. Mrs. Spence was to sign the deed later. Spence moved to the farm and took possession of the personal property about July 28th, and soon after that, commencing to harvest the crops, he ascertained that there was a shortage of about 30 acres. He informed Hull of this about August 8th, and requested him to make the correction, which he refused to do. Thereupon Spence promptly asked Hull to rescind the contract offering to return the personal property. Mrs. Spence then refused to sign the deed to Hull. Ever since Spence has insisted upon a rescission of the contract. About August 14th Hull commenced an action against Spence in the Circuit Court for Clackamas County; the first cause being for $227, the price of the hogs, the second for $20, the price of the chickens, and the third for $1,500 damages by reason of Mrs. Spence having failed to sign the deed to the lot. In his amended answer in that action Spence set up as a counterclaim the false representations made by Hull in the transaction, and alleged that he had offered and tendered to plaintiff all his right, title and interest in the crops and personal property, and that he was damaged in the sum of $1,500. In this suit defendant Hull sets forth the proceedings in the action in the Circuit Court for Clackamas County and the judgment therein as a bar to this suit. In the ac-

tion at law, wherein Spence claimed a rescission of the contract and asked for damages, it was contended by counsel for Hull that such a rescission could not be had in a court of law, stating:

"If they are going to come in here and ask for a rescission of their contract or deed to this land, they have got to go into a court of equity and not in this way."

The court instructed the jury to render a verdict in favor of Hull for $227 upon the first cause of action and for $20 upon the second. The third cause of action was dismissed for want of proof. As to the claim of Spence for damages on account of the conditions of the allegations in his answer, the court stated:

"If there was any way we could determine the rights of those parties in this case and end these matters so they would be binding hereafter, I would go ahead and do it, but I don't think we can. * * In a case that is tried, that the pleadings don't show what was adjudicated by the court is no case at all. Everyone has a right to have his case tried on issues. * * "

The court did not decide nor submit to the jury the claim of Spence for damages on account of the fraud.

MODIFIED.

For appellants there was a brief over the names of *Mr. G. Evert Baker* and *Mr. H. L. Ganoe,* with an oral argument by *Mr. Baker.*

For respondent there was a brief over the name of *Messrs. Schmitt & Schmitt,* with an oral argument by *Mr. G. G. Schmitt.*

MR. JUSTICE BEAN delivered the opinion of the court.

1. It is the contention of counsel for defendants in this suit that the action in Clackamas County is a bar

to the same. It is settled law that a judgment or decree rendered upon the merits is a final, conclusive determination of the rights of the parties and a bar to a subsequent proceeding between them on the same claim or cause of suit, not only as to the matter actually determined, but also as to everything else which the parties might have litigated, and had decided as an incident to or essentially connected therewith, either as a matter of claim or defense: *Ruckman* v. *Union Ry. Co.*, 45 Or. 578, 581 (78 Pac. 748, 69 L. R. A. 480); *Morrill* v. *Morrill*, 20 Or. 96 (25 Pac. 362, 23 Am. St. Rep. 95, 11 L. R. A. 155); *La Follett* v. *Mitchell*, 42 Or. 465 (69 Pac. 916, 95 Am. St. Rep. 780).

2, 3. Counsel for plaintiff contend that the counterclaim attempted to be pleaded in the action at law in Clackamas County was not decided upon its merits and is not *res adjudicata*. A judgment which is not based on the merits of the action is no bar to another action or suit on the same issues: Section 759, L. O. L.; 23 Cyc. 1131, 1132; *Pruitt* v. *Muldrick*, 39 Or. 353 (65 Pac. 20); *Burnett v. Marrs*, 62 Or. 598 (125 Pac. 838); *Foster* v. *Busteed*, 100 Mass. 409, 411, 412 (1 Am. Rep. 125). A party is not barred from instituting a suit or action on a claim or demand because the same was pleaded as a setoff or counterclaim in a former action or suit, if the same was not adjudicated or allowed in such action in consequence of being excluded or rejected by the court, or voluntarily withdrawn: 23 Cyc. 1204. In a note on the same page of Cyc., we find the following:

"The rule stated in the text applies, not only where the setoff was excluded, because not proper matter of setoff in such an action, but also where it was so ill pleaded that it could not be considered (*Maillet* v. *Martin*, 7 La. Ann. 635), where it was dismissed be-

cause defendant failed to present any proof in support of it (*Jarvis* v. *New York House Wrecking Co.,* 84 N. Y. Supp. 191), where he failed to appear at the trial (*Litch* v. *Clinch,* 35 Ill. App. 654; *Anderson* v. *Rogge* [Tex. Civ. App. 1894], 28 S. W. 106). * * But if the setoff is well pleaded, is supported by evidence, and is submitted to the jury, and passed upon by them, the judgment will be a bar to any further prosecution of the same claim, although the jury decided not to allow it: *Baker* v. *Stinchfield,* 57 Me. 363.''

In such case a setoff or counterclaim is treated practically as a separate action. From a careful examination of the record in the case now before us, it appears that all that was decided in regard to the claim of Spence by reason of the alleged fraud, in the action at law either by the court or jury, was the decision of the court to the effect that the claim for damages could not be tried in that action under the state of the pleadings. There was no judgment upon the merits of the demand of plaintiff Spence; therefore, under the rules stated above, the judgment in the action at law is not a bar to the prosecution of this suit. The case of *Glenn* v. *Savage,* 14 Or. 567 (13 Pac. 442), cited and relied upon by counsel for defendant, is a good illustration, although the statement in the syllabus is more general than the opinion. The pleadings in the case there relied upon as a former adjudication of the questions in controversy set up the identical matter that was alleged in the last case. The record showed that the claim was withdrawn from the jury, though for what reason did not appear; but on page 575 of 14 Or. (on page 447 of 13 Pac.), we find that the trial court determined as to the right of recovery, to quote from the opinion:

"It decided that Glenn was not entitled to recover damages against Savage for the breaches of that agreement."

In the action in Clackamas County, the record of which is now before us, the court merely decided that the claim of Spence there set up could not be tried in that action.

4, 5. By virtue of the negotiations between Hull and Spence which were carried on in behalf of the latter in part by his son in law, A. G. Vaughn, who was inexperienced in business, and on the other side by Taylor and Geis, both experienced real estate dealers, and defendant Hull, also a shrewd business man, we think that Spence was led to believe, as an inducement to make the contract, that there were 25 acres of oats, 50 acres of clover, and 25 acres of potatoes on the farm. The crop was in several irregularly shaped fields, which could not be accurately estimated or easily measured. By a measurement made soon after the contract, there appeared to be 69 acres and a fraction, and by an actual survey made thereafter, 67.79 acres. When the negotiations were first commenced, the number of acres and a typewritten list of the personal property, with an estimate of what the crop and the property were worth, was made in the office of the realty company and furnished to Spence and Vaughn. When they visited the farm to inspect the crops and property, they took this estimate, and it is claimed by Hull that he corrected the figures of the number of acres of potatoes from 25 to 15, and stated that he did not know the number of acres of crops. It is clear, however, from the evidence, that the correction was not made in such a way as to be understood by Mr. Spence; that, when the agreement was made, Spence

offered to trade on the condition that there were 100 acres in crop. It is shown by the evidence that soon after the agreement it was ascertained that there was a shortage of nearly one third in the area of the crops. We do not think there was a meeting of the minds, or that Spence agreed to the exchange of his house and lot for about 68 acres of crops and the personal property. We think plaintiff has conformed to the rule stated in *Scott* v. *Walton,* 32 Or. 460, 464 (52 Pac. 180, 181), as follows:

"A party who has been induced to enter into a contract by fraud has, upon its discovery, an election of remedies. He may either affirm the contract, and sue for damages, or disaffirm it, and be reinstated in the position in which he was before it was consummated. These remedies, however, are not concurrent, but wholly inconsistent. The adoption of one is the exclusion of the other. If he desires to rescind, he must act promptly, and return or offer to return what he has received under the contract. He cannot retain the fruits of the contract awaiting future developments to determine whether it will be more profitable for him to affirm or disaffirm it. Any delay on his part, and especially his remaining in possession of the property received by him under the contract, and dealing with it as his own, will be evidence of his intention to abide by the contract."

The matter was submitted to the jury, and the trial court, who saw and heard the witnesses and passed thereon, found for the plaintiff. The decree should not be disturbed.

Defendant Ada E. Hull makes objection to the form of the judgment against her. Defendants should be given an opportunity to reconvey lot 12 in block 5, Oakhurst Addition to the City of Portland, if it is possible for them to do so. In the event that they fail to reconvey such real estate to plaintiff within ten days

from the entry of this decree in the Circuit Court, the judgment against defendant O. J. Hull for the value thereof, to wit, $3,000, with interest from July 22, 1912, at 6 per cent per annum, shall be enforced; plaintiff to recover costs in this court and in the lower court.

With this slight correction as to form the decree of the lower court is affirmed.          MODIFIED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BENSON and MR. JUSTICE HARRIS concur.

---

Decided March 16, 1915.

MODIFIED ON REHEARING.

(146 Pac. 98.)

Department 2. MR. JUSTICE BEAN delivered the opinion of the court.

It is urged that the court erred in sustaining the judgment for the sum of $3,000; that the evidence does not show that the property is of that value. A reference to page 22 of the abstract of record will disclose that there is no issue properly raised as to the value of the property. The defendant asks that he be allowed ninety days from the entry of the decree in the Circuit Court in which to procure a reconveyance of lot 12, block 5, Oakhurst Addition to the City of Portland, which is granted, and the former opinion is modified to that extent. With this exception the former opinion is adhered to.

FURTHER MODIFIED ON REHEARING.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BENSON and MR. JUSTICE HARRIS concur.