Argued June 12, affirmed July 24, rehearing denied November 27, 1923, motion to recall mandate denied January 8, 1924.

## ROBINSON v. CABLE ET AL.

(217 Pac. 624.)

**Equity—Complaint Held Insufficient to Constitute Suit in Equity.**

1. Complaint alleging that plaintiff owned $15,000 worth of stock in a mining corporation, that the officers, in collusion with the mortgagor of an invalid mortgage, foreclosed, the mortgagor bidding in the stock, and that the mortgagor also sold claims to plaintiff on false representations, *held* to state a cause of action for money damages at law, but not in equity.

**Equity—Mere Running of Statute Against Recovery at Law Does not Give Equitable Jurisdiction.**

2. The mere fact that the statute of limitations has barred recovery at law does not entitle plaintiff to equitable relief.

**Fraud—Remedies Available.**

3. A party fraudulently induced to contract for the purchase of property upon discovery of the fraud may either affirm the contract and sue for damages or disaffirm and recover the money or property, but cannot do both.

**Election of Remedies—Vendee in Fraudulent Sale Electing to Disaffirm cannot Later Affirm Same Contract.**

4. Where vendee was induced by fraud to contract for the purchase of mining property, and, after disaffirming the contract, recovered damages, such suit constituted a bar to recovery by affirmance of the contract, since the two remedies are inconsistent and choice of either is an election of remedies.

From Multnomah: GEORGE W. STAPLETON, Judge.

In Banc.

AFFIRMED.    REHEARING    DENIED.    MOTION    TO
RECALL MANDATE DENIED.

For appellant, *Emma G. Robinson, in propria persona.*

For respondent there was a brief over the name of *Mr. Wallace McCamant,* with oral arguments by *Mr. C. A. Sheppard* and *Mr. A. M. Dibble.*

RAND, J.—Plaintiff appeals from a decree sustaining a motion for judgment on the pleadings and dismissing her complaint.

The facts alleged in the complaint in this suit are almost identical with those alleged in the complaint in a former suit brought by the plaintiff against the

---

4. When resort to one remedy bars prosecution of another, see notes in 1 **Am. St. Rep.** 626; 10 **Am. St. Rep.** 487; **Ann. Cas.** 1913D, 228; **Ann. Cas.** 1914B, 1218.

Inconsistency of remedies as essential to application of doctrine of election, see note in 6 **Ann. Cas.** 212.

defendant Phegley alone, which suit was twice appealed to this court and was reported in 84 Or. 124 (163 Pac. 1166), and 93 Or. 299 (177 Pac. 942). In the former suit the plaintiff sought the equitable remedy of cancellation of two contracts, entered into by her with Phegley for the purchase of certain unpatented mining claims and to recover the moneys she had expended on said claims subsequent to her purchase thereof. In that suit she based her right to equitable relief upon certain alleged false and fraudulent representations made to her by Phegley whereby she was induced to purchase the claims from him. In this suit she seeks to recover a money judgment against the defendants for the moneys so expended by her, and bases her right to recover in this action upon the same alleged false and fraudulent representations.

Her complaint in the instant case alleges that in 1907 she was a stockholder of the Galice Consolidated Mines Company and held stock for which she had paid the sum of $15,000. She alleges that Phegley had been given a mortgage for $6,000 by said corporation, which, in collusion with the remaining defendants who were the officers and directors of the corporation, had been foreclosed; that an execution had been issued thereon and the property of the corporation had been sold and bid in by Phegley; that this property consisted of thirty unpatented placer mining claims on Galice Creek in Josephine County and a claimed right to divert and use the waters of said stream for mining purposes, and that the mortgage was invalid because it was given to indemnify Phegley against loss by reason of his having become a surety for the corporation upon two undertakings on appeal from judgments which had been rendered against the corporation in the Circuit Court

for Josephine County, which appeals were dismissed without any loss having been sustained by Phegley.

The complaint also alleges that Phegley represented to the plaintiff that he had a valid claim against the corporation for $9,600, and that the plaintiff, relying upon said representation, and in order to protect her stock investment, purchased said claim and paid him therefor the sum of $9,600 in two payments of $4,800 each; that a part of said claim of $9,600 consisted of the $6,000 mortgage, and that he had no valid claim except for the sum of $3,600. It is also alleged that all of these acts occurred either in 1907 or prior thereto. Basing her right to recover upon these alleged fraudulent representations and the alleged collusion between Phegley and the officers of the corporation alone, plaintiff seeks to recover the $9,600 she paid to Phegley, the $15,000 she paid for her stock, $27,000 she claims to have paid in the performance of assessment work upon unpatented placer mining claims for the years 1907 to 1915, both inclusive, $7,500 which she alleges she expended in certain litigation arising from the purchase and possession of said mining claims and also the sum of $45,000 as damages which she alleges she sustained by reason of said alleged fraudulent representations.

The defendants, namely, Phegley, Cable, Cousin, Hickey and Weidler, were served with process and appeared in this suit. They attacked the sufficiency of the complaint by separate demurrers upon the ground that the same did not state facts sufficient to constitute a cause of suit; that the suit was not commenced within the time limited by the code; that the plaintiff had been guilty of laches, and that her alleged cause of suit was stale. Upon these demurrers being overruled, they answered denying the wrongful acts charged in the complaint, and alleging,

among other things, that all of the matters and things referred to in the complaint had been adjudicated and determined in the suit of plaintiff against Phegley above referred to and that by reason thereof plaintiff was barred from maintaining this suit. Upon the filing of the reply, defendants' motion for judgment on the pleadings was sustained.

1-4. There are three essential reasons which, in our judgment, preclude the plaintiff from maintaining this suit. (1) The complaint states facts which, in an action at law, would constitute a good and sufficient cause of action for the recovery of damages, and one which, if not barred by the statute of limitations, would entitle the plaintiff to full, adequate and complete relief in an action at law, but it does not state facts sufficient to constitute a cause of suit. The relief sought is merely the recovery of a money judgment and is purely legal in its nature and not equitable. The mere fact that the statute of limitations has intervened to bar a recovery in an action at law is not, of itself alone, sufficient to entitle plaintiff to equitable relief. (2) By her complaint in her former suit against Phegley, the plaintiff sought the equitable remedy of a rescission of the contracts that she had entered into with Phegley and the recovery of a decree against Phegley for the amount of the money paid Phegley and expended upon the property. She based her right to that equitable remedy upon the identical charges of fraud that she now alleges in her complaint in the instant case. In her former suit she pursued that remedy to a successful termination and secured a decree in that suit against Phegley for the sum of $2,000 because of the fraud she now alleges and as compensation for the very injury she now claims to have sustained.

In her present suit she seeks to affirm the contract and to recover damages for the fraud which she alleged as the basis for her former suit in which she sought to disaffirm the contract. It is settled law in this jurisdiction, and we think the rule prevails everywhere, that a party who has been induced by fraud to enter into a contract for the purchase of property, upon discovery of the fraud, may either affirm the contract and sue for damages or may disaffirm the contract and recover the money or property parted with. These remedies are not concurrent, but are wholly inconsistent and the adoption of one excludes the other: *Scott* v. *Walton,* 32 Or. 460 (52 Pac. 180); *Whitney* v. *Bissell,* 75 Or. 28 (146 Pac. 141); *Spence* v. *Hull,* 75 Or. 267 (146 Pac. 95); *Eivers* v. *Beard,* 100 Or. 197 (197 Pac. 264); *Gary Coast Agency, Inc.,* v. *Lawrey,* 101 Or. 623 (201 Pac. 214); *Dean* v. *Cole,* 103 Or. 570 (204 Pac. 952). By her former suit she elected to disaffirm the contract and recover back the money she had expended. She now seeks to affirm the contract and sue for damages. The commencement of the former suit, carried, as it was, to a successful termination, was an irrevocable election of remedies upon her part, and precludes her from maintaining her present suit. (3) An examination of the decisions of this court in the former suit of *Robinson* v. *Phegley,* above referred to, will disclose that the plaintiff sought to recover in that suit $24,000, which she alleged that she had expended in the performance of assessment work, the $9,600 she had paid to Phegley and the $15,000 she had paid for stock. Upon the first appeal in that suit this court, speaking through Mr. Justice McCamant, said:

"She asks for a rescission of the entire contract and for a recovery from the defendant of all sums of money paid him or expended on the property by

her. * * In so far as the plaintiff seeks to rescind the entire contract and to recover damages in excess of $6,000 we think the court did not err in holding the complaint to be insufficient. It was plainly contemplated by the parties when they had the dealings in 1907 that plaintiff should become the owner of the property of the corporation through the foreclosure sale. She did bcome such owner and there is no allegation that her title has ever been attacked, either by the corporation or any other stockholder therein. * * It is true that the complaint alleges that plaintiff would not have entered into the contract for the purchase of defendant's claims but for the false representations which were made to her. But the complaint shows ·affirmatively that there were valid claims against the corporation to the extent of $3,600, owned by the defendant, and additional claims in excess of $5,000, on which other creditors had secured judgment against the corporation. The manifest purpose of plaintiff was to acquire title to the property of the corporation and thus preclude the loss of a large sum of money which she had already invested. There is no allegation that she was deceived as to the character of the properties or that any misrepresentation was made to her about them. She got what the parties contemplated that she should get, and she could have got no more if the representations had been true. Therefore she is not entitled to a rescission. As regards her right to recover the $6,000 paid in the purchase of the defendant's mortgage, which represented no debt and which was collusively foreclosed, the case stands on a somewhat different footing. * * It is now alleged in effect that although the defendant had in fact paid out for the benefit of the corporation only $3,600, he alleged that he had paid $9,600, and by this false representation he induced plaintiff to pay $6,000 in excess of what the agreement between the parties contemplated. We think the allegations of the complaint can be upheld as stating a cause of suit for the reformation of the contract in this respect, and for the recovery by plaintiff of $6,000 with interest. We are therefore

of the opinion that the foreclosure decree is no bar to the recovery by plaintiff of $6,000 if she can prove her allegations of fraud and collusion.''

After that decision was rendered the cause was tried in the Circuit Court. That court denied plaintiff's right to recover the $6,000 or any part thereof. Upon appeal this court entered a decree here awarding the plaintiff the sum of $2,000, and that decree has since been satisfied by payment to plaintiff of said sum.

The decree in the former suit was a final adjudication of all the matters in issue in that suit and as the present suit presents no issue not determined in the former suit, the matters alleged in the complaint are merged in the former decree. This decree is conclusive upon the plaintiff and operates to bar a recovery by her in this suit.

For these reasons the decree of the Circuit Court is affirmed.

AFFIRMED. REHEARING DENIED. MOTION TO RECALL MANDATE DENIED.

BURNETT, J., took no part in the consideration of this case.