Argued October 15, 1930; reversed March 10; rehearing
denied April 14, 1931

## JURGENS *v.* SHERIDAN ET AL.

(296 P. 840)

*Calkins & Calkins,* of Eugene, for appellants.

*E. G. Jurgens,* in pro. per.

BEAN, C. J. On January 24, 1929, the plaintiff E.
G. Jurgens filed in the circuit court a complaint alleg-
ing that he is the owner in fee simple and in possession
of the following described real estate, the title to which
is registered as shown on page 242 of book 13, Registry
of Titles in the office of the registrar of titles for Lane
county, Oregon, to wit: Lot No. 10, block No. 12, Driver-
ton addition to Eugene, Lane county, Oregon; that the
several defendants claim some lien or interest in the
real estate adverse to the title of plaintiff; that plain-
tiff is in possession of the real property, and praying
that his title be quieted. The defendants deny the alle-

gations of the complaint, except as further alleged in their answer, and set forth mechanics' liens for material furnished and labor performed upon buildings on the lot described; that the several notices of liens were duly filed with the county clerk within the time provided by statute and entered upon the memorial of the registry of said county upon the certificate of title to the lot. The several liens are set forth in the answer the same as in the pleadings in the case of *J. W. Copeland Yards, a corporation, v. T. J. Sheridan et al.*, this day decided, to which reference is made, and the defendants pray for a decree foreclosing their respective liens. The defendants also allege as follows:

"That thereafter and on July 11, 1928, the said S. R. Allen filed a demurrer in said suit in which the said S. R. Allen demurred to the answer and cross-complaint of James E. Kindred, T. J. Sheridan, J. R. Sheridan, the complaint of J. W. Copeland Yards, a corporation, the pleading of the Ruth-Robertson Powder Company, and the pleading filed by James E. Kindred, which demurrer was signed by H. E. Slattery, attorney for S. R. Allen, one of the defendants, thereby entering the appearance of S. R. Allen, who is also known as Sidney R. Allen, in said foreclosure suit. That thereafter and on August 10, 1928, and before the time had expired for the foreclosure of any of the liens shown herein, the said Sidney R. Allen appearing by his attorney H. E. Slattery, filed an answer in said foreclosure suit, which answer was signed by H. E. Slattery as attorney for Sidney R. Allen, also known as S. R. Allen, and at said time the said H. E. Slattery was in fact the attorney for the said S. R. Allen."

The defendants further allege as follows:

"That thereafter and on January 22d, 1929, the said Sidney R. Allen with full knowledge of the foreclosure suit and with full knowledge of the liens filed upon said Transfer Certificate of Title No. 7678, and

having therefore filed a demurrer in said suit and an answer in said suit, conspired together with one E. G. Jurgens for the purpose of claiming that the said E. G. Jurgens was an innocent purchaser for value of said premises and caused to be prepared and executed by said Sidney R. Allen and Edna J. Allen, his wife, unto said E. G. Jurgens, a warranty deed to said premises herein described, which deed was filed on January 22d, 1929, with the County Clerk of Lane County, Oregon, and assigned Instrument No. 30883, and immediately thereafter the said E. G. Jurgens and the said Sidney R. Allen conspired together for the purpose of defrauding the various lien claimants of their labor and material used and furnished in erecting said dwelling house, sent to the office of Fred E. Smith, an attorney in Eugene, and secured stationery of said Fred E. Smith, and legal covers, and thereupon H. E. Slattery, who had theretofore appeared as attorney for S. R. Allen in the foreclosure suit prepared the complaint and copies thereof and the summons and the copies thereof in this proceeding, and thereupon the said E. G. Jurgens in furtherance of said fraudulent design and for the purpose of defrauding and cheating the various lien claimants herein, took said papers so prepared by H. E. Slattery, to the office of Fred E. Smith and there caused the same to be executed by Fred E. Smith as the attorney for said plaintiff E. G. Jurgens, and at all times during said proceeding the said S. R. Allen and E. G. Jurgens were fully apprised of the liens upon said property and of the foreclosure suit brought thereunder, and the said Sidney R. Allen and the said E. G. Jurgens brought this suit for the purpose of declaring E. G. Jurgens the owner of said premises as a bona fide purchaser in good faith, and for the joint benefit of Sidney R. Allen and E. G. Jurgens.

"* * * That notice of said foreclosure suit was duly filed with the Registrar of Titles for Lane County, February 2, 1929."

Plaintiff Jurgens filed replies to the several answers of defendants denying a portion of the allegations, and further averred in substance that on or

about January 22, 1929, plaintiff purchased the real property in question of Sidney R. Allen and wife for a sufficient and valuable consideration and without notice or knowledge of any suit then pending in any court, and especially in the circuit court of the state of Oregon for Lane county, seeking the foreclosure of any mechanic's lien or pretended lien of defendant J. W. Copeland Yards or of any other person or party upon or against said real property; that pursuant to said purchase Allen and wife executed and delivered to plaintiff a warranty deed conveying said real property to plaintiff free of encumbrance, which deed was thereafter on said date duly filed with the registrar of titles in Lane county and memorialized upon the certificate of title; that plaintiff is now the owner in fee simple of said real property; that no notice of lis pendens in any suit for the foreclosure of any mechanic's lien was ever filed with said registrar of titles affecting said real property at any time prior to plaintiff's said purchase of said real property and the conveyance thereof to him, and plaintiff then had no knowledge or notice of any suit or proceeding.

Plaintiff Jurgens rests his claim upon the fact that no notice of lis pendens was registered with the registry of titles prior to the time he obtained the conveyance of the real estate from Allen.

Section 63-383, Oregon Code 1930, provides as follows:

"No suit, bill, or proceeding at law or in equity for any purpose whatever affecting registered land, or any estate or interest therein or any charge upon the same, shall be deemed to be lis pendens, or notice, to any person dealing with the same, until a certificate of the pendency of such suit, bill, or proceeding, under the hand and official seal of the clerk of the court in which

it is pending, shall be filed with the registrar, and a memorial thereof entered by him upon the register of the last certificate of the title to be affected. This section shall not apply to attachment proceedings, when the officer making the levy shall file his certificate of levy as herein provided.''

Section 63-384, Oregon Code 1930, is as follows:

''No judgment or decree or order of any court shall be a lien upon or affect registered (land) or any estate or interest therein, until a certificate, under the hand and official seal of the clerk of the court in which the same is of record, stating the date and purport of the judgment, decree, or order, or a certified copy of such judgment, decree, or order, is filed in the office of the registrar, and a memorial of the same is entered upon the register of the last certificate of the title to be affected.''

Section 63-388, Oregon Code 1930, reads as follows:

''In all cases where, by any law in relation to the liens of mechanics or others, any claim or notice is authorized to be filed in any court or office, the same, when it relates to registered land or any interest therein, may be filed in the registrar's office, and being so filed, a memorial thereof shall be entered by the registrar, as in the case of other charges, and proceedings to enforce the lien may be had, as provided in the act creating the same. Until it is so filed and registered no such lien shall be deemed to have been created.''

Section 63-339, Oregon Code 1930, reads as follows:

''The registered owner of any estate or interest in land brought under this act, shall, except in cases of fraud to which he is a party, or of the person through whom he claims without valuable consideration paid in good faith, hold the same subject only to such estates, mortgages, liens, charges, and interests as may be noted in the last certificate of title in the registrar's office, and free from all others, except,—

"1. Any subsisting lease, or agreement for a lease, for a period not exceeding five years, where there is actual occupation of the land under the lease. The term 'lease' shall include a verbal letting;

"2. All public highways embraced in the description of the lands in the certificate shall be deemed to be excluded from the certificate;

"3. Any subsisting right of way or other easement, however created, upon, over, or in respect of the land;

"4. Any tax or special assessment for which a sale of the land has not been had at the date of the certificate of title;

"5. Such right of appeal, right to appear and contest the application, and of such action, or to make counterclaim, as is allowed by this act."

Section 63-349, Oregon Code 1930, reads:

"The registrar shall mark as filed every deed, mortgage, lease, and other instrument which may be filed in his office, in the order of its receipt, and shall note thereon at the date of filing the minute, hour, day and year it is received. When the date of filing any instrument is required to be entered upon the register, it shall be the same as that indorsed upon such instrument. An instrument so filed shall impart notice of its contents in like manner and with like effect as if it had been duly authenticated so as to be entitled to record and had been filed for record at the date of its filing and recorded in the proper records of the same county."

Section 63-365, Oregon Code 1930, reads:

"All charges upon registered land or any estate or interest in the same, and any rights thereunder, may be enforced as now allowed by law, and all laws with reference to the foreclosure and release or satisfaction of mortgages shall apply to mortgages upon registered lands, or any estate or interest therein, except as herein provided, and except that until notice of the pendency of any suit to enforce or foreclose such charge is filed in the registrar's office, and a memorial thereof en-

tered on the register, the pendency of such suit shall not be notice to the registrar or any person dealing with the land or any charge thereon.''

■ In order for the plaintiff to prevail in this suit, if we pass the question of whether he should be entitled to have the benefit of two suits, it is clear that he must sustain the allegation of his reply to the effect that he is a bona fide purchaser of the real estate for a valuable consideration and that he had ''no knowledge or notice of'' the foreclosure suit: *Bailey v. Hickey,* 99 Or. 251 (195 P. 372) ; *Heitkemper v. Schmeer,* 130 Or. 644, 664 (275 P. 55, 281 P. 169).

■ To begin with, a default stands against E. G. Jurgens in the foreclosure suit; second, he purchased the land for $650, and his own testimony shows that it was worth twice that sum. Jurgens, in the purchase, gave Allen a promissory note for $650. The note is due but has never been paid. Plaintiff has not shown by convincing evidence that he will lose any of the consideration agreed to be paid for the property. The circumstances in the case strongly indicate that Jurgens was interested with Allen to defeat the liens claimed by the several lien holders and that the real estate was not purchased in good faith but purchased for the particular purpose of defeating the liens of the claimants mentioned. The plaintiff has not sustained the burden of proof of the matters to which we have referred, and which he has alleged in his replies.

The Torrens System Act purports to establish a system for the registration of title to land, whereby the official certificate will always show the state of the title and the person in whom it is vested, and to provide that, after the original registration, transfers of the land may be made in the manner prescribed in detail

in the acts: 23 R. C. L., § 145, p. 273. Several sections of the Torrens Act were referred to in the case of *Christenson v. Christenson*, 109 Or. 396, 402 (219 P. 615).

We do not deem it necessary to construe the full force of section 63-383, Oregon Code 1930, providing for lis pendens notice, until some bona fide claim is involved depending upon such notice.

In *Application of Bickel, Kemler Lumber Co. v. Naumann*, 301 Ill. 484 (134 N. E. 76), the majority of the court held, in substance, in a case similar to the one at bar that, under the Torrens System Act, in the foreclosure of mechanics' liens the legislature placed an additional burden on a mechanic or materialman by requiring that notice of a suit to enforce the lien must be registered upon the certificate of title to the land affected or the suit would not be deemed to be lis pendens or notice to any person dealing with the land. The Illinois act embraces a section identical with section 63-383, Oregon Code 1930.

The decree of the circuit court is reversed and the suit dismissed.

BROWN, ROSSMAN and KELLY, JJ., concur.