Argued October 11, affirmed November 1, 1961

# WILLAMETTE TITLE COMPANY *v.* NORTHERN ET AL AND ZENT

365 P. 2d 1065

[ 1 ]

*Dale Pierson,* Salem, argued the cause for appellants. With him on the brief was Norman K. Winslow, Salem.

*Laurence L. Morley,* Lebanon, argued the cause for respondent. On the brief were Weatherford & Thompson, Albany, and Morley, Thomas & Orona, Lebanon.

Before MCALLISTER, Chief Justice, and ROSSMAN, PERRY, GOODWIN and LUSK, Justices.

PERRY, J.

Mary E. Northern, Bell Baker, Myrtus Warner, Floyd Warner, Gordon Warner, Seldon Warner, Carolin Kin'baum, Harry Hector, Howard Hector, Grace Edmonson, Lester Walker, Laura Lebo, Charles C. Mitchell, Harvey P. Mitchell, Leonard Mitchell, Darrell Mitchell, Gladys Cedergreen, Bernetta Anderson, Florence Tatmen, Helen Phillips, and Elvin Northern, and Marion Zent each claimed an interest in a parcel of land situated in Linn County, Oregon.

A purchaser was found for this property and the parties agreed that the land might be conveyed to the purchaser and the money received from the sale stand in lieu of the real property.

It was agreed that all the interested parties would convey whatever title they held to the purchaser and the Willamette Title Company would receive and hold the moneys received from the sale, and distribute the proceeds in accordance with the interests of the parties as found by the court to have existed in the real property at the time of sale.

The Willamette Title Company thereupon brought this suit as stakeholder for the purpose of making distribution among the several claimants.

The trial court found that the defendant Marion Zent was the sole owner of the real property and therefore entitled to all of the proceeds from the sale of the land. The other interested parties have appealed.

The record discloses that in 1955 these defendants, as plaintiffs, Mary E. Northern, Bell Baker, Myrtus Warner, Floyd Warner, Gordon Warner, Seldon Warner, Carolin Kinbaum, Harry Hector, Howard Hector, Grace Edmonson, Lester Walker, Laura Lebo, Charles C. Mitchell, Harvey P. Mitchell, Leonard Mitchell, Darrell Mitchell, Gladys Cedergreen, Bernetta Anderson, Florence Tatmen, Helen Phillips, and Elvin Northern, commenced a suit in Linn County, alleging they were the heirs at law of Margaret C. Evans; that Margaret C. Evans died intestate and possessed of the fee title to certain real property, including the real property in question in this matter; that certain deeds of conveyance, executed by Margaret C. Evans, purporting to convey the real property to her son Fay Evans (now deceased) and his wife, Marion Evans (now the defendant Marion Zent) were ineffectual in that there had been no delivery of the deeds by the grantor to the grantees in grantor's lifetime.

The plaintiffs then prayed a decree determining the defendant Marion Evans (now Marion Zent) to have no right, title or interest in any of the real property.

The defendant Marion Zent (then Marion Evans) answered, denying the allegations of the complaint; alleged that she was the owner in fee simple of all of the real property, which included the parcel in question in this suit.

The defendant then prayed for a decree dismissing plaintiffs' complaint and "adjudging that she is the owner in fee simple of all the land described therein and forever barring plaintiffs and any of them from claiming any interest therein."

Trial was had and the following decree entered: That plaintiffs' amended complaint be dismissed; "That the defendant Marion Evans be adjudged to be the owner in fee simple of all the land described in plaintiffs' amended complaint and that plaintiffs had no interest therein and are forever enjoined from claiming any interest therein."

The plaintiffs then appealed and the judgment of the trial court was affirmed. *Northern et al v. Evans*, 217 Or 605, 342 P2d 122.

In the matter now before us the defendants-appellants contend that since Fay Evans, now deceased, and his wife Marion, now defendant Marion Zent, on the twelfth day of June, 1942, executed and delivered a good and sufficient deed of conveyance to an undivided one-half interest in the parcel of land in question to Margaret C. Evans, they as the heirs at law of Margaret C. Evans are entitled to one-half of the proceeds from the sale of this property. The defendant Marion Zent contends that the appellants are estopped by the decree in the former case from now

claiming any interest in the land or the proceeds derived therefrom. This is the principal issue presented.

While the appealing defendants' claim of interest in and to the parcel in question was based in the prior suit, *Northern et al v. Evans,* supra, upon establishing the fact of nondelivery of the deed by Margaret C. Evans to her son Fay Evans and wife, the ultimate issue between the parties was the question of where the title to the real property rested.

"* * * The doctrine of res adjudicata applies not only to what is actually litigated in a proceeding, but also to all matters within the issues of the case which could and should have been litigated. The rule is stated in 50 C.J.S., Judgments, 193, § 716, as follows:

" 'The judgment is conclusive of all matters properly belonging to the subject of the controversy and within the scope of the issues, so that each party must make the most of his case or defense, bringing forward all his facts, grounds, reasons, or evidence in support of it, on pain of being barred from showing such omitted matters in a subsequent suit; and even if the second cause of action is different, if the second action involves a right, title or interest as to which the judgment on the first action is a conclusive adjudication the estoppel must extend to every matter which might have been urged to sustain or defeat that right, title, or interest.'

See also First Nat. Bank of Burns v. Buckland, 130 Or. 364, 280 P 331; Lloyd-Garretson Co. v. Marvin & Co., 128 Or. 191, 274 P. 128; Spence v. Hull, 75 Or. 267, 146 P. 95, 146 P. 98; Yuen Suey v. Fleshman, 65 Or. 606, 133 P. 803; Neil v. Tolman, 12 Or. 289, 7 P 103; Barrett v. Failing, 8 Or. 152." *Bennett v. City of Salem et al.,* 192 Or 531 at 542, 543, 235 P2d 772.

The appealing defendants had their day in court and should have, if they wished to rely upon the deed[①] from Fay Evans and wife to Margaret C. Evans to establish an interest in and to this parcel of land, urged this claimed right in the prior case. Having failed to do so, they are now estopped by the prior decree.

■ The appealing defendants also contend that since the title to the land in question was registered under the Torrens Act, the decree entered in the case of *Northern et al v. Evans,* supra, cannot affect their rights to maintain this action. They rely upon ORS 94.520, which reads as follows:

"No judgment, decree or order of any court shall be a lien upon or affect an estate or interest in registered land until a certificate, under the hand and official seal of the clerk of the court in which the same is of record, stating the date and purport of the judgment, decree or order, or a certified copy of such judgment, decree or order, is filed in the office of the registrar, and a memorial of the same is entered upon the register of the last certificate of the title to be affected."

Their contention seems to be that since the decree was not filed in the office of the registrar, nor memorialized by being entered upon the register of the last certificate of title affected, the prior decree of the court is of no effect.

This statute, like many others, is for the purpose of affording notice, and unless followed, protects bona fide purchasers for value. It does not protect those who have actual knowledge of a judgment or decree. *Jurgens v. Sheridan et al,* 136 Or 45, 296 P 840.

---

[①] Record discloses the appellants' knowledge of the existence of this deed at the time of trial of Northern et al v. Evans, supra.

The appealing defendants were parties to the prior suit, with full knowledge of the decree entered. There is no merit in this contention.

The decree of the trial court is affirmed.