# Hall *v.* Tanner & DeLaney Engine Co.

*Action on Promissory Note signed in Partnership Name.*

1. *Promissory note as payment; action on original debt.*—The promissory note of the debtor himself is presumptively taken as collateral or additional security only, and does not operate to discharge the debt in the absence of an agreement to receive it as payment; but, to authorize a recovery on the original debt, the note must be produced on the trial and surrendered.

2. *Same; production of note.*—Where the action is founded on a note signed in the name of a partnership, but given for the agreed price of machinery sold by plaintiff to defendant individually, and the defendant, not denying the sale of the machinery, files a special plea of *non est factum*, denying the existence of the partnership, and the authority of the person who signed the partnership name to bind

[Hall v. Tanner & DeLaney Engine Co.]

him thereby; the plaintiff may recover on the common counts for the original debt, on producing the note of the partnership on the trial, and proving that, when it was executed and delivered to him, he surrendered the defendant's individual note, by his instructions, to the person who signed the partnership note.

3. *Manufacturing corporation; extra-territorial contract.*—A corporation chartered in Virginia for the purpose of manufacturing engines, boilers and other machinery, "and disposing of and dealing in the same," may lawfully make a contract for the sale of its machinery in any other State whose local laws do not prohibit such contract,

APPEAL from the Circuit Court of Geneva.

Tried before the Hon. JESSE M. CARMICHAEL.

This action was brought by the appellant, a corporation chartered under the laws of Virginia, against Nathan Hall; and was commenced on the 22d February, 1887. The complaint contained counts on several promissory notes, to which the name of Hall & Mobley, as a partnership, was signed, alleging that the defendant was one of the partners; and the common counts were added. The defendant filed a special plea of *non est factum,* alleging that the notes were not signed by him, nor by any one who was authorized to bind him; and another special plea denying the validity of the contract for the sale of the machinery, which constituted the consideration of the notes, on the ground that the plaintiff could not make a legal contract outside of the territorial limits of Virginia. This is the third appeal in the case. See 86 Ala. 305, and 89 Ala. 628, where the facts are fully stated. On the third trial, as the present record shows, the defendant excepted to a charge given by the court, and to the refusal of a charge asked by him; and these rulings are here assigned as error.

W. D. ROBERTS, for appellant, cited *Mooring v. Mobile M. D. Insurance Co.,* 27 Ala. 254; *Myatts & Moore v. Bell,* 41 Ala. 222; *Bank v. Earle,* 13 Peters, 587; *Morris v. Hall,* 41 Ala. 536.

M. E. MILLIGAN, contra, cited *Jones v. King,* 81 Ala. 285.

CLOPTON, J.—The facts clearly shown by the evidence, and admitted by defendant, are: That he originally bought the engine, boiler and other machinery, for which the notes sued on were given, from the agent of the plaintiff, gave his individual notes for the price, less one hundred dollars paid in cash, and promised to secure the same by mortgage on real estate. This mortgage was not executed; but afterwards, the agent, as he testified, delivered the notes to Mobley, whom plaintiff had taken as a partner in the business, and received

[Hall v. Tanner & DeLaney Engine Co.]

from him the notes sued on, signed by Hall & Mobley; and that this change of notes was made by request of defendant, who promised to execute a mortgage to secure the firm notes. A mortgage, certified by an authorized officer to have been executed by defendant, and which he acknowledged on the trial he had had recorded in the proper office, was forwarded to the agent; but, on account of some technical objection, was returned by him to be perfected. The mortgage introduced in evidence, recited that the defendant was a member of the firm of Hall & Mobley, and was given to secure the firm notes. Defendant, however, testified that the notes sued on were not signed by him, nor by any one authorized to bind him in the premises, and that Mobley was not his partner, but an employè. Other than by this general statement he did not contradict the testimony of the agent, as to the facts and circumstances under which the notes sued on were signed by Mobley and accepted by the agent.

On this evidence, the court instructed the jury, that though the notes sued on were not signed by defendant, or by any one authorized to bind him in the premises, yet, if he bought the engine, boiler and machinery from the plaintiff, and the same had not been paid for, plaintiff was entitled to recover their value under the common count. The only objection urged to the charge by counsel is, the failure of plaintiff to surrender, or offer to surrender, the notes given for the machinery, which, it is insisted, is necessary to the maintenance of an action to enforce the original debt. A note given by a debtor for a debt, whether pre-existing or created at the time, does not operate to discharge the debt, unless there is an agreement to receive it in payment. *Prima facie*, it is accepted as collateral, or additional security, and, in the absence of an agreement to receive it as payment, the creditor, if the note remains unpaid, may enforce the original debt by action. As the law will not permit him to retain the note, and at the same time recover on the original debt, he must produce the note, and offer to surrender it on the trial.—*Mooring v. Mobile, &c., Ins. Co.*, 27 Ala. 254; *Myatts v. Bell*, 41 Ala. 222; *Keel v. Larkin*, 77 Ala. 493. There being no evidence that the individual notes of defendant were accepted as payment, especially as the mortgage to secure them was not executed, the presumption prevails, that they were taken only as additional security; and, as defendant denies that Mobley was a partner, or that he was authorized to sign the notes sued on, and bind him, their acceptance in lieu of the notes of defendant, under the circumstances, does not operate to discharge the latter, or the original debt. We are not informed whether the objection to the

[Griffith v. Ventress.]

charge is based on the failure to surrender the notes of defendant, or the notes of Hall & Mobley. If the former, they were delivered, if the evidence be believed, to Mobley, by request or direction of defendant; if the latter, they were produced on the trial, and offered in evidence. No further offer to surrender the notes was requisite to revive the liability on the original debt; no injury has or can accrue to defendant by reason thereof.

By the provisions of the charter, plaintiff was incorporated for the purpose of manufacturing engines, boilers, and other machinery of iron and brass, "and of disposing of and dealing in the same." Under the charter, plaintiff possessed the power to make valid contracts for the sale of its manufactured machinery, not only in the State of its creation, but in any other State where such contracts are not prohibited by the local law. There was no error in the refusal to give the charge requested by defendant.

Affirmed.