Submitted on briefs September 22, decided October 7, 1913.

## NORTHWESTERN ELEC. CO. *v.* ZIMMERMAN.

(135 Pac. 330.)

**Eminent Domain—Delegation of Power—Statute—Construction.**

1. Section 6245, L. O. L., authorizing any person or corporation to condemn a right of way for electric wires includes foreign corporations, as the language is general, and Sections 6726–6728 permit and in effect invite such corporations to do business in the state on certain conditions and by implication extend the powers and privileges necessary to carry on such business.

**Eminent Domain—Proceedings—Pleading—Sufficiency of Petition.**

2. A complaint brought under Section 6247, L. O. L., authorizing the condemnation of trees that would menace a line for conveying an electric current to a width of 300 feet, which fails to state that plaintiff has a right of way which is menaced by the trees, is fatally defective, since the facts showing the necessity for the condemnation cannot be assumed.

**Corporations—Foreign Corporations—Evidence of Existence.**

3. Under the express terms of Section 6728, L. O. L., the certificate issued by the Secretary of State to a foreign corporation, upon its compliance with the requirements for permission to do business within the state, is *prima facie* evidence of the existence of such corporation.

From Multnomah: JAMES W. HAMILTON, Judge.

En Banc. Statement by Mr. Justice Eakin.

This is an action by the Northwestern Electric Company, a corporation, against George H. Zimmerman and Jessie Zimmerman, his wife, to condemn trees that would be a menace to a line of poles and wires to be used in conveying an electric current. Plaintiff is a corporation of the State of Washington and is constructing a line of poles and wires for the transmission of electricity for power and light purposes in cities and towns and to railroads and other utilities in the State of Oregon. Its complaint states that it has complied with the requirements of the laws of this state entitling foreign corporations to transact business therein and paid its license fee and asks to condemn such trees, namely, about 140 in number, situated on a strip of ground 300 feet in width, across the Wilmot and the Flemming donation land claims, the longitudinal center of which strip is coincident with the southerly line of the county road, known as the Sandy road. Said lands are owned by the defendant G. H. Zimmerman, the defendant Jessie Zimmerman being his wife. The case was tried before a jury, who returned a verdict in favor of the defendants, assessing their damages at $800. Plaintiff paid the amount of said verdict for the defendants to the clerk of the court, and the court rendered judgment thereon, condemning the said trees and authorizing plaintiff to cut and remove the same. Submitted on briefs without argument under the proviso of Rule 18 of the Supreme Court: 56 Or. 622 (117 Pac. xi). Reversed.

For appellants there was a brief over the names of *Mr. Enoch B. Dufur* and *Mr. Hayward H. Riddell.*

For respondent there was a brief over the name of *Wood, Montague & Hunt.*

Mr. Justice Eakin delivered the opinion of the court.

1. Defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. Two objections to the complaint are suggested, namely, that the plaintiff has not capacity to sue, and that the complaint does not show that plaintiff has any line or right of way that is menaced by the trees. Defendants contend that the right of eminent domain is not extended to foreign corporations in the State of Oregon. Plaintiff relies exclusively upon Section 6245, L. O. L., which provides: "A right of way and privilege is hereby granted to any person, persons, or corporation to construct, maintain, and operate telegraph lines, telephone lines, and lines and wires for the purpose of conveying electric power or electricity, along the public roads, highways, and streets of the state," etc. Provision is thereafter also made for securing rights of way therefor. Plaintiff contends that this statute includes foreign corporations. The act was originally passed in 1862, granting the right to telegraph lines only, and was amended in 1901 to include telephone lines and lines for conveying electricity. The act at least by implication authorized the persons and corporations named to do business in the state and to exercise the right of eminent domain when necessary for that purpose; and the only question is whether it includes foreign corporations. No doubt when first enacted it was intended to include foreign telegraph companies, as the language naming the persons to whom the privilege is extended is general: 15 Cyc. 574; *In re Marks,* 6 N. Y. Supp. 105; *In re Ohio Valley Gas Co.,* 6 Pa. Dist. 200. And it has been acted upon since that time as including them. Our statute (Sections 6726, 6727, 6728, L. O. L.) provides when foreign corporations

may do business within the state; and it may be considered as an invitation to foreign corporations to come into the state, to enter upon the business for which incorporated, and to that extent, when the conditions are complied with, the corporations, by implication, are extended all the powers and privileges necessary to carry out such business. Such a compliance with the statute has now become a prerequisite to foreign corporations entering the state under Section 6245, L. O. L.   In *New York, N. H. & H. R. R. Co.* v. *Welsh et al.,* 143 N. Y. 411 (38 N. E. 378, 42 Am St. Rep. 734), it is held that the expression "any railroad corporation" in the general railroad act of that state must be taken in its comprehensive sense and includes foreign railroad corporations, the statute having authorized foreign corporations to do business in the state upon complying with certain requirements, and says: "*Pro tanto* it is settled here under the sanction of our laws, and to the extent of its existence and operation here, in the contemplation of those laws, it is *pro hac vice* a state corporation." Other states hold that the state may adopt a foreign corporation: See *Russell* v. *St. Louis etc. Ry. Co.,* 71 Ark. 451 (75 S. W. 725). But that the foreign corporation must be formally adopted by the legislature. In Missouri, where a foreign corporation was authorized to extend its road into that state, it was permitted to exercise the power of eminent domain: *St Louis, K. C. & C. Ry. Co.* v. *Lewright,* 113 Mo. 660 (21 S. W. 210); Thompson, Corporations, 2731. Therefore, we are of the opinion that the privileges granted by Section 6245, L. O. L., extend to foreign corporations.

2. The other contention of defendants is more serious, namely, that the complaint does not allege that the plaintiff has a right of way for an electric line that might be affected or injured by the falling trees

on the strip of ground described, nor does the complaint describe the location of such a way that will entitle it to cut the timber adjacent to it, or from which the 300 feet in width may be located. This proceeding is brought by authority of Section 6247, L. O. L., as amended by Laws of 1911, page 456, which amendment, after providing the manner of condemnation of the right of way for the electric line, adds to the original section the following words: "And if the lands be covered by trees which are liable to fall and constitute a hazard to such wire or line; then any corporation organized for the purpose of building, maintaining, and operating a line of poles and wires for the transmission of electricity for lighting or power purposes, and for furnishing electric lights or power for hire, may appropriate and condemn such trees for a width not exceeding three hundred feet, as may be necessary or convenient for such purpose." And the plaintiff's right is based thereon.

We think the complaint is wholly insufficient to show that plaintiff is entitled under this law to condemn these trees. The clause, "if the lands be covered with trees," has reference to the lands from which the 25-foot strip, previously provided for, is to be condemned. The subsequent term "such trees" for a width of 300 feet refers to trees adjacent to the line, and the company has no right to condemn trees except those adjacent to its right of way. Therefore a prerequisite to establish its right to condemn trees is to show that it has the right of way to which the trees are a menace, unless the condemnation of the right of way is included in the same action. All the complaint says about a right of way is that plaintiff is engaged in constructing a line of wires, and that it is necessary for the proper construction and maintenance of such line to appropriate the trees on the ground

described, which assumes the necessity of the removal of the trees. The complaint must state the facts that show the necessity. Plaintiff asks us to assume that the way for the electric line is on the south line of the Sandy road, and that plaintiff has the right of way by agreement or condemnation, neither of which facts is suggested by the complaint. Although the statutes give the way on the county road free of charge, yet it does not locate it, nor permit plaintiff to locate it as it sees fit, but the County Court controls the location and the manner of the erection of the line. It is not sufficient to say that, if plaintiff does not get the way, the property condemned or the money will revert to the owner, as the property will have been destroyed and cannot be returned. It is not necessary for the plaintiff to show that it owns a way into Portland or elsewhere, as suggested by the authorities cited, but it must have a way to which the trees are a menace. Again, it is suggested that the oral statement of a witness at the trial shows that the plaintiff has the way, and it is on the south line of the Sandy road. If that were competent evidence to establish those facts, and if there had been no demurrer to the complaint or objection to the evidence, plaintiff might have obtained leave to amend the complaint to conform to the facts proved, or we might now consider the complaint as so amended; but the complaint was challenged by the demurrer and must be treated as fatally defective.

3. As the case will have to be remanded for further proceedings one other question, namely, as to the evidence necessary to establish the corporate entity of the plaintiff, should be decided. When a corporation desires to transact business in this state, it is required to file certain papers and to make certain proofs to the Secretary of State, as required by Sections 6726, 6727,

L. O. L.; and, upon compliance with those requirements, the Secretary of State shall issue to it a certificate setting forth the facts so required to be shown, as provided in Section 6728, L. O. L., and: "Such certificate shall be *prima facie* evidence of the legal existence of such foreign corporation * * whether the same shall be questioned in any court of justice in this state, or before any commission, board," etc. This is a complete answer to this objection. The certificate was properly admitted and is sufficient.

The judgment is reversed and the cause remanded for further proceedings. ·        REVERSED.