Argued at Pendleton May 5, reversed June 29, 1926.

# MILTON–FREEWATER & HUDSON BAY IRRIGATION CO. v. LAFAYETTE SKEEN.

### (247 Pac. 756.)

Corporations—Contract by Domestic Corporation With Foreign Corporation not Complying With Statutes Held not Void, but to be Enforceable After Foreign Corporation has Complied With Statutes Subsequent to Time of Making Contract (§§ 6884, 6911–6915, 6917, Or. L., and § 6885, as Amended by Gen. Laws 1921, p. 216).

1.  Contract made by domestic corporation within state with a foreign corporation, which had not complied with Sections 6884, 6911–6915, 6917, Or. L., and Section 6885, as amended by General Laws of 1921, page 216, authorizing it to continue doing business in the state, is not void, but can be enforced by domestic corporation after foreign corporation has complied with statutes subsequent to time of making contract.

Corporations — State can Prohibit Foreign Corporations from Doing Any Business in the State Except on Such Conditions as State may Choose to Impose Which are not in Conflict With Organic Law.

2.  State can exclude foreign corporations and prohibit them from doing any business in the state except on such conditions as state may choose to impose which are not in conflict with organic law, and may deny validity to unauthorized contracts made by foreign corporations which have no right to do business in the state.

Contracts.

3.  Law does not favor forfeitures.

Corporations—Statute Forfeiting Right of Foreign Corporations to Do Business on Failure to File Statement and Pay License Fee Did not Repeal Statute Prohibiting Corporations from Maintaining Suit While Delinquency in Failing to Pay Fees Continues (Gen. Laws 1911, p. 71; § 6885, Or. L., as Amended by Gen. Laws 1921, p. 216.

4.  General Laws of 1911, page 71, forfeiting right of foreign corporations to do business within state, when neglecting to file statements and pay license fees, did not expressly nor impliedly repeal former act, of which Section 6885, Or. L., is part, and re-enacted and amended by General Laws of 1921, page 216, prohibiting both domestic and foreign corporations from maintaining any suit within state while delinquency in failure to pay annual license fees or taxes continues.

---

1.  On validity of contracts made by foreign corporations which have not complied with statutory conditions of the right to do business in a state, see notes in 24 L. R. A. 315; 1 L. R. A. (N. S.) 1041.  See, also, 12 R. C. L. 89.

3.  See 6 R. C. L. 906.

Statutes—Statute Forfeiting Right of Foreign Corporation to Do
    Business for Failure to File Statement and Pay License Fee
    must be Construed With Statute Prohibiting Corporations from
    Maintaining Suit While Delinquency in Payment of Fees Con-
    tinues (Gen. Laws 1911, p. 71; § 6885, Or. L., as Amended by
    Gen. Laws 1921, p. 216).

5.   General Laws of 1911, page 71, forfeiting right of foreign cor-
poration to do business within state on failure to file statement and
pay license fees, must be construed with Section 6885, as amended
by General Laws of 1921, page 216, prohibiting corporations from
maintaining suit within state while delinquency in payment of fees
and taxes continues.

Corporations—Corporation Commissioner's Certificate That Foreign
    Corporation was Authorized to Do Business Within State, and
    Receipt Showing Full Payment of Last Annual License Fee, Held
    Prima Facie Evidence of Corporation's Right to Transact Busi-
    ness Within State (§ 6910, Or. L.).

6.   Certificate of corporation commissioner that foreign corpora-
tion was authorized to do business in the state, and production of
its receipt in full payment for last annual license fee, was *prima
facie* evidence of legal existence of such corporation to transact busi-
ness within the state, in view of Section 6910, Or. L.

Corporations — Foreign Corporation Might File Supplemental Com-
    plaint and Answer to Defendant's Plea in Abatement That It
    was Without Right to Maintain Suit for Failure to Pay Fees
    and Taxes by Showing Payment Thereof After Suit had Been
    Commenced.

7.   It was competent for foreign corporation, seeking to maintain
suit within state, to file supplemental complaint and answer to de-
fendant's plea in abatement that it was not authorized to do busi-
ness within the state for failure to pay fees and taxes by showing
payment of its fees and taxes after suit had been commenced.

Corporations—Foreign Corporation, Showing Payment of Fees and
    Taxes After Suit had Been Commenced, Thereby Being Author-
    ized to Do Business Within the State, and Removing Suspension
    of Litigation, Should be Allowed to Prosecute Litigation to Its
    Ordinary Conclusion.

8.   Where foreign corporation, in answer to defendant's plea in
abatement, showed payment of its fees and taxes after suit had
been commenced, thereby authorizing it to do business in the state,
reason for suspension of litigation being removed, it should be
allowed to proceed to its ordinary conclusion.

Corporations — Power of Corporation to Act Outside State of Its
    Creation Need not be Expressly Conferred, if State of Creation
    Consents and There is No Restriction in Charter.

9.   Power of a corporation to act outside state of its creation
need not be expressly conferred, but may be implied if state in
which a foreign corporation does business consents, and there is no
restriction in its charter.

9.   See 7 R. C. L. 543.

**Corporations.**

10. Charter of a corporation is the same abroad as it is at home, and wherever it goes for business it carries its charter as law of its existence.

**Corporations—State by Permitting Foreign Corporation to Come into State Presumably Consented That Corporation Should Exercise Powers Conferred by Charter and Laws Pertaining Thereto.**

11. State by permitting foreign corporation to come into state presumably consented that corporation should exercise all powers conferred by its charter and laws pertaining thereto, unless prohibited from so doing by some direct enactment of the state or some rule of public policy.

**Costs.**

12. Where issue in instant suit could have been tried in another suit by joining proper party, costs and disbursements will be awarded to neither party.

---

Corporations, 14A C. J., p. 1304, n. 35.
Costs, 15 C. J., p. 40, n. 5.

From Umatilla: James U. Campbell, Judge.

In Banc.

This is a companion suit to the case of *Delilah Laur, Hannah E. Nietert, Lafayette Skeen and Verona B. Kinney* v. *Walla Walla Irrigation Company, a Corporation, E. C. Burlingame and Aubrey E. Perry,* in which an opinion has this day been rendered. The relief prayed for in the present suit, and all of the questions involved were practically embraced and determined in the former suit mentioned. But the Milton-Freewater & Hudson Bay Irrigation Company was not a party to the former suit, and the status of the last-named corporation, as the operator of an irrigation system, is apparently involved.

On June 1, 1925, defendant LaFayette Skeen, as coplaintiff with Delilah Laur and Verona B. Kinney, instituted a suit in equity in the Circuit Court of the State of Oregon for Umatilla County, wherein the Walla Walla Irrigation Company, E. C. Burlingame

and Aubrey E. Perry were defendants, to enjoin the defendants from interfering with or molesting the irrigation ditches of plaintiffs in said suit used by them and their predecessors in interest for over twenty years; to enjoin the continued trespass by said defendants upon the lands of plaintiffs described in the complaint in that suit, as well as referred to in the complaint in the present suit; to enjoin all rights claimed under an alleged pretended agreement dated February 20, 1924, attached to the complaint in the instant suit as Exhibit "A," alleged to pertain to a right of way over and across the Nietert land for certain lateral ditches, and for damages for such trespass.

It is alleged that the two corporations are allied concerns. E. C. Burlingame is the president of both corporations. The Walla Walla Irrigation Company is a Washington corporation and the other, the present plaintiff, is an Oregon company and claims an interest in the · right of way or lateral ditches involved in both of these suits by virtue of an assignment from the Washington corporation.

The present suit is brought for the purpose of restraining defendant Skeen, a lessee of Nietert and Laur, from interfering with the said laterals. The same matter was involved in the prior suit. The defendant Skeen, in this suit, pleaded the commencement and pendency of the prior suit, and alleged that the Walla Walla Irrigation Company and E. C. Burlingame were the real and sole parties in interest in the matter in dispute in both suits. That, if the Milton-Freewater & Hudson Bay Irrigation Company claimed any such interest, it should be required to intervene in the original suit and should not be per-

mitted to maintain the present suit, and that the instant case should be abated.

It is also pleaded by defendant Skeen, by way of an amended plea in abatement, that the Walla Walla Irrigation Company was a foreign corporation and not authorized to do business in this state; that the plaintiff corporation bases its rights in this suit as an alleged assignee of the Walla Walla Irrigation Company, and not otherwise; that the assignment related to property in Oregon and constituted business to be performed within the State of Oregon and not otherwise, and that the plaintiff corporation took said assignment with full knowledge of the lack of authority of the Walla Walla Irrigation Company to transact such business in this state. Plaintiff filed a supplemental complaint showing that since the commencement of this suit the Walla Walla Irrigation Company has paid the statutory fees required by law to qualify it to transact business in this state. The request of the corporation commissioner for such fees is presented and payment is admitted. The Circuit Court sustained defendant's amended plea in abatement and dismissed the suit with costs to plaintiff.                                                  REVERSED.

For appellant there was a brief over the names of *Messrs. Raley, Raley & Steiwer* and *Mr. H. J. Warner,* with an oral argument by *Mr. J. H. Raley.*

For respondent there was a brief over the name of *Messrs. Lowell, Clark & McIntyre,* with an oral argument by *Mr. Stephen A. Lowell.*

BEAN, J.—Defendant moves to dismiss this appeal for the reason alleged in defendant's plea in abate-

ment, and also, for the reason that in the final decree in the former companion suit all rights and claims of the Walla Walla Irrigation Company in and to the system of lateral ditches involved in this suit have been adjudged by the Circuit Court to be forever barred and held for naught, and as a result of said final decree there is only a moot and academic question presented by this appeal.

The Washington corporation had filed its statement and made reports in compliance with the statute. The only delinquency was that of a failure to pay the fees for which it made excuses to the corporation commissioner and the matter stood in that way at the time of the commencement of both of these suits. The Governor had not issued any proclamation in regard to the delinquency of the corporation. It is the contention of the plaintiff that the Walla Walla Irrigation Company, having been delinquent for more than two years prior to the commencement of this suit, and prior to the assignment of the lease to the plaintiff, and unless the Governor files a certificate enlarging the time, the statute automatically, finally and conclusively forfeits its corporate powers with the result that such powers are no longer "in abeyance" and subject to reinstatement by paying fees and interest, but are dead.

The plaintiff contends, upon this appeal, that the foreign corporation, in arrears in payment of its annual license fee, may entitle itself to transact business within the State of Oregon by the full payment of such fees at any time prior to the proclamation being made by the Governor, and that its right to transact business in the State of Oregon has not been revoked or repealed.

1. It is conceded that no certificate of the Governor had been obtained and that no steps had been taken under Section 6912, Or. L., to revoke or repeal the right of the Washington corporation to transact business within this state. The real question in the case is whether or not a contract made by an Oregon corporation in the State of Oregon with a foreign corporation, which had not complied with the provisions of the statute authorizing it to continue to do business in this state is void, or, whether the same can be enforced by the Oregon corporation after the foreign corporation has complied with the statute subsequent to the time of making such contract.

Section 6884, Or. L., requires that every foreign corporation, joint stock company or association, doing business in this state, except fire, marine, fire and marine, life, accident, life and accident, plate glass and steam boiler insurance companies and casualty and surety companies shall, between July 1st and August 15th, of each year pay in advance to the corporation department of the state an annual license fee of $200.

Section 6885, Or. L., as amended by Chapter III, General Laws of Oregon 1921, page 216, provides:

"No domestic corporation, and no foreign corporation, joint stock company or association, which shall have failed to pay the last annual license fee, or any other tax or fee which shall have become due and payable against it, as provided in this act or any law of this state, shall be permitted to maintain any suit, action or proceedings in any court of justice within this state while such delinquency shall continue; and it shall be the duty of the corporation commissioner to prepare a list of such delinquencies, at the time that any such annual license fee or other tax of a corporation or joint stock company or association

shall become delinquent, which list shall contain the name of the corporation, joint stock company or association, the amount of the tax or license fee delinquent, and such list shall be filed in the office of the corporation commissioner as a public record, and the name of any corporation or joint stock company or association may be stricken therefrom upon payment by such corporation or company or association of the amount of such delinquency, and any annual tax or taxes, or license fee or fees, with interest thereon at the rate of 6 per cent per annum, which shall have become due therefrom after the preparation of such list. While such delinquency shall continue, the right of such delinquent corporation, company or association to transact business shall be deemed to be in abeyance and such corporation, joint stock company or association shall not be permitted to maintain any suit, action or proceeding in any court of justice in this state; but the said delinquency of such corporation or joint stock company or association shall not operate to impair or delay the right of any other person, firm or corporation."

Section 6911 requires every foreign corporation organized for gain to file the declaration referred to in Sections 6909 and 6910 and the required fee, "and in default thereof, shall not be permitted to maintain any suit, action, or proceeding in any court of justice in this state until such declaration shall have been filed and such fee paid."

In 1911 the legislature enacted a statute of which Section 6912, Or. L., is a part, and reads as follows:

"Foreign Corporations Neglecting to File Statement and Pay License Fee Forfeit Right to Do Business. If any foreign corporation, joint stock company or association authorized to transact business in the state of Oregon, * * shall for two consecutive years, neglect or refuse to furnish to the secretary of state any statement required to be furnished under any law of this state, or to pay to the state treasurer

any license fee required to be paid, under any law of this state, the right of such foreign corporation, joint stock company or association to transact business in the state of Oregon shall be revoked and repealed in the manner hereafter provided, and all powers conferred by law upon such foreign corporation, joint stock company or association, are hereby declared inoperative and void, unless the governor shall, for good cause shown to him, give further time for the filing of any such statement and the payment of any such license fee, in which case a certificate thereof shall be filed by the governor in the office of the secretary of state stating the reasons therefor.''

Section 6913, Or. L., provides that a report shall be made to the Governor of a list of all foreign corporations which have failed to pay the license fee provided by law, and the Governor shall forthwith issue his proclamation declaring the right of such foreign corporations to do business in the State of Oregon revoked and repealed.

Section 6914, Or. L., provides for the publication of such proclamation.

Section 6915, Or. L., provides that any person who exercises or attempts to exercise any power under the authority given to any foreign corporation after the issuance of the proclamation revoking and repealing its authority to transact business in the State of Oregon, shall be deemed guilty of a misdemeanor and provides a punishment therefor.

Section 6917, Or. L., provides:

''Re-instatement of Delinquent Foreign Corporation. If any foreign corporation, joint stock company or association heretofore or hereafter authorized to transact business in the state of Oregon shall have such right to transact business revoked and repealed in the manner herein provided for, the governor by and with the advice of the attorney-gen-

eral, may at any time, upon payment of such foreign corporation, joint stock company or association to the state treasurer of such sum as may be fixed and determined by the governor, which sum shall in no case be less than the amount delinquent and interest, nor more than double the amount delinquent, may reinstate such foreign corporation, joint stock company or association and restore it to all its franchises and privileges; and upon such payment, as aforesaid, the secretary of state shall issue his certificate entitling such foreign corporation, joint stock company or association to resume its said business and its franchises."

2. A state has the right to exclude foreign corporations and prohibit them from doing any business in the state except upon such conditions as the state may choose to impose which are not in conflict with the organic law. This logically includes the right to deny validity to unauthorized contracts made by foreign corporations which have not the right to do business in the state. The question of the validity of contracts made with a corporation before it has acquired the right to do business in the state is wholly a question of statutory construction. There is a conflict of authority on the question as to the validity of unauthorized contracts made with foreign corporations before they have complied with the statutory requirements of a right to do business in the state. Note to *State of Kansas* v. *American Bk. Co.*, 1 L. R. A. (N. S.) 1041.

In 14a C. J., page 1304, Section 4008, we learn that where there is a compliance after commencement of suit and the statutory inhibition is merely that a noncomplying foreign corporation cannot "maintain" a suit on a contract made in this state, the corporation is not thereby precluded from commencing an

action.   The same construction has been given where
the statute provided that the corporation should not
be entitled "to sue on any contract" until it had
complied with the statutory requirements, or to
"prosecute or defend in any suit" until compliance.

In *Klamath Lbr. Co.* v. *Bamber,* 74 Or. 287 (142
Pac. 359, 145 Pac. 650), it was held:

"Sections 6716–6719, L. O. L., providing that a
corporation neglecting for two consecutive years to
furnish to the Secretary of State any statement re-
quired by law, or to pay any license fee, shall be
dissolved, requiring the Secretary of State to report
to the Governor a list of delinquent corporations,
whereupon the Governor shall by proclamation de-
clare them dissolved, and providing a penalty for
exercising the corporate powers thereafter, are penal
and must be strictly construed, and failure to pay
the fees does not *ipso facto* dissolve a corporation,
but the filing of a list and proclamation are necessary
to dissolution."

*Hirschfeld* v. *McCullagh,* 64 Or. 502 (127 Pac. 241,
130 Pac. 1131), was a case where a foreign corpora-
tion indorsed and transferred a promissory note
made in the State of Oregon upon which the assignee
brought an action in this state. The defendant
pleaded the illegality of the note and indorsement
for the reason the foreign corporation was not en-
titled to do business in this state. The opinion in
this case is practically digested by the statement in
the opinion upon rehearing at page 518 as follows:

"Plaintiff can enforce payment (of the note) in
our courts whenever his assignor or principal com-
plies with our laws and pays the $50 entrance fee
which the statute requires."

The suit was abated without prejudice.

3-5. The proclamation of the Governor, mentioned in Section 6913, Or. L., marks the line cutting off the right of a foreign corporation which was theretofore authorized to transact business in this state, and which has become delinquent by failing to comply with the statute. The proclamation is the manner of revocation mentioned in Section 6912. The whole statute indicates that the entire authority of such a delinquent corporation is in abeyance. And it is subject to the penalty provided by statute. As held in the *Hirschfeld* v. *McCullagh* case, the statute having prescribed the penalty by way of a fine, the courts should not impose an additional penalty by way of forfeiture. The law does not favor forfeiture. Moreover the saving clause in Section 6885, Or. L., that "the said delinquency of such corporation or joint stock company or association, shall not operate to impair or delay the right of any other person, firm, or corporation," applies to the condition in the present suit where the plaintiff is operating an irrigation ditch under a lease or assignment from the delinquent Washington corporation. The Act of 1911, Chapter 50, General Laws of 1911, did not expressly nor impliedly repeal the former statute of which Section 6885 is a part. The latter section was re-enacted in 1921 and is an addition to the former law. The whole statute must be construed together. See *Shipman* v. *Portland Const. Co.*, 64 Or. 1–14 (128 Pac. 989 et seq.), from which we quote the words of Mr. Justice BURNETT found at pages 15 and 16:

"Such statutes are to be construed strictly, and are not to be extended beyond their express terms. The statute does not say that the contracts of the corporation made under such circumstances are void.

It only says that, while the delinquency shall continue, the corporation shall not be permitted to enforce its contract by any suit or action in the state courts. * * The courts of this state, under the statutes already quoted, will merely refuse their aid to enforce a contract which is a part of business transacted here by foreign corporations in violation of these enactments. The present laws do not declare such contracts void, and no decision of this court based on existing statutory condition has done more than sustain the plea in abatement mentioned when properly tendered.''

6, 7. The certificate of the corporation commissioner that the Walla Walla Irrigation Company was authorized to do business in the State of Oregon, and the production of its receipt in full payment for the last annual license fee, is *prima facie* evidence of the legal existence of such corporation to transact business within the State of Oregon: Section 6910, Or. L., and *Northwestern Elec. Co.* v. *Zimmerman,* 67 Or. 155 (135 Pac. 330, Ann. Cas. 1915C, 927). It was competent for the plaintiff to file a supplemental complaint and answer to defendant's plea in abatement showing the payment of its fees and taxes after the suit had been commenced: *Shipman* v. *Portland Const. Co.,* 74 Or. 13, 16 (128 Pac. 989).

8. If the reason of the suspension of the litigation is removed, the injunction of the statute is also removed and the litigation should be allowed to proceed in its ordinary conclusion: *Shipman* v. *Portland Const. Co., supra,* and *Hirschfeld* v. *McCullagh, supra.*

Counsel for defendant, on this phase of the case, cites and relies upon the case of *Johnson* v. *Seaborg,* 69 Or. 27, 32 (137 Pac. 191). That was a case where one of the defendants, a foreign corporation, had not complied with the statute of this state entitling it

to do business in the state. It took an assignment of a lease of property for the purpose of carrying on the fishing industry. It defaulted in the payment of the rent and the lease was declared forfeited by the plaintiff, the lessor. The defendant corporation never was authorized to do business in this state. After the assignment of the lease and after the corporation became insolvent, it attempted to comply with the statute so as to authorize it to do business within the state, but it was held that the statute contemplated that the certificate should issue to a solvent corporation with capital as shown by the application, and as contemplated by the certificate. This matter was mentioned as an additional reason for declaring a forfeiture of the lease by the plaintiff Johnson, and the case of *Hirschfeld* v. *McCullagh* was cited with approval and it was not intended to overrule the same. The facts of that case were entirely different from those of the present case and it is not in point.

In case of *Major Creek Lbr. Co.* v. *Johnson,* 99 Or. 172 (195 Pac. 177), cited by defendant, the question involved was whether or not the foreign corporation was doing business in this state. The position of defendant is that the Washington corporation lacks the corporate power to do business in the State of Oregon for the reason that none of its enumerated powers look beyond the boundaries of the State of Washington. The Walla Walla Irrigation Company's articles of incorporation, a copy of which is filed with the corporation commissioner of Oregon, states the object of the incorporation is to construct and maintain a system of waterworks for irrigation, milling and manufacturing purposes. There appears to be no restriction in its charter.

9. The power of a corporation to act outside the state of its creation need not be expressly conferred, but may be implied, provided, of course, that the state in which a foreign corporation does business consents, and provided there is no restriction in its charter: 2 Fletcher on Corporations, § 808; *Dodge* v. *Council Bluffs,* 57 Iowa, 560 (10 N. W. 886); *Cary* v. *Cleveland T. R. Co.,* 29 Barb. (N. Y.) 35; *Hall* v. *Tanner Dehaney Engine Co.,* 91 Ala. 363 (8 South. 348).

10, 11. The charter of a corporation is the same abroad as it is at home and wherever it goes for business it carries its charter as the law of its existence. When the State of Oregon permitted the Walla Walla Irrigation Company to come into this state, it must be presumed to have consented that the corporation should exercise all the power conferred by its charter and the laws pertaining thereto, unless prohibited from so doing by some direct enactment of the state or some rule of the public policy: 8 Fletcher on Corporations, §§ 5720, 5721. The Washington corporation is authorized by its charter, among other things, to maintain and operate an irrigation system in the State of Washington, and by express permission of this state, it has the same power in the State of Oregon, which it has exercised upon the same stream of water which supplies its water on the Washington side of the state line.

12. The judgment of the Circuit Court dismissing the suit is reversed. As it appears that the issue herein could have been tried and determined in the other suit mentioned, if either party had made proper application to make the Milton-Freewater & Hudson

Bay Irrigation Company a party to that suit, costs and disbursements will be awarded to neither party.

REVERSED.