Argued November 13, 1928, reversed January 29, 1929.

# LLOYD–GARRETSON CO. *v.* MARVIN & COMPANY.

(274 Pac. 128.)

For appellant there was a brief and oral argument by *Mr. Robert R. Rankin.*

For respondent there was a brief over the names of *Messrs. Carey & Kerr* and *Mr. Marvin K. Holland*, with an oral argument by *Mr. Holland.*

COSHOW, J.—1-3. Defendant by assigning its claim for $100 to Willamette Fruit & Produce Co. for the purpose of recovering same from plaintiff in the instant case rescinded the contract for the purchase of the peaches. Bringing the action for the return of the money so paid was a rescission of the contract to purchase. In the Willamette Fruit & Produce Co. case Lloyd-Garretson Co., plaintiff herein, attempted to collect from said Willamette Fruit & Produce Co. the price for the entire carload

of peaches. Said Lloyd-Garretson Co. as defendant in that case counterclaimed for that amount. As a matter of law it could not collect from Willamette Fruit & Produce Co. for peaches purchased by Marvin & Co., defendant herein. The jury thereupon ignored the assignment of the claim of $100 and brought in a verdict in favor of Lloyd-Garretson Co. for $719, being the exact amount due from Willamette Fruit & Produce Co., providing the peaches conformed to the contract of sale. There is no controversy about the price of the peaches, if according to contract. There is no controversy about the amount paid at the time the contract for the purchase of the peaches was entered into. In the Willamette Fruit & Produce Co. case the plaintiff therein was the owner of the claim owned by defendant in the instant case against Lloyd-Garretson Co. But the assigned claim was ignored. It was not litigated. It was not considered or determined.

The law is well settled in this state that when a litigation has once been determined on its merits the issue therein actually litigated, all other matter which could have been litigated within the pleadings became final between the parties to the litigation and those in privity with them. It would seem that the defendant herein is in privity with Willamette Fruit & Produce Co. and would be bound by that determination. But it appears affirmatively that the claim of defendant herein for the $100 was not litigated. It was no fault of defendant that it was not litigated. In order, however, for the rule to apply the parties in the later litigation must be the same or in privity. In the instant case the parties are not the same. The only relation between the Willamette Fruit & Produce Co. and defendant

in the instant case is that of assignee and assignor. It affirmatively appears that the assigned claim was not considered or litigated. Plaintiff in the instant case allows defendant credit for amount of the assigned claim which it would not have done if the claim had been litigated in the other action: *La Follett* v. *Mitchell,* 42 Or. 465, 471 et seq. (69 Pac. 916, 95 Am. St. Rep. 780); *Vanderpool* v. *Burkitt,* 113 Or. 656 (234 Pac. 289); *Barnes* v. *Anderson,* 108 Or. 503, 509 (217 Pac. 836); *Stillwell* v. *Hill,* 87 Or. 112 (169 Pac. 1174); *Spence* v. *Hull,* 75 Or. 267, 271 et seq. (146 Pac. 95, 98); *Taylor* v. *Taylor,* 54 Or. 560, 577 (103 Pac. 524).

Plaintiff herein cannot well urge that the claim of defendant for the $100 was litigated in the Willamette Fruit & Produce Co. case because plaintiff has given defendant credit for that $100 in the action at bar. If, as plaintiff argues, the claim advanced now by defendant had been litigated in the former proceedings plaintiff would be entitled to demand $819 in this action instead of $719. Defendant herein, therefore, is not precluded from asserting its claim for that $100 in this action. For that reason the written assignment and the record in the action of Willamette Fruit & Produce Co. against Lloyd-Garretson Co. were both inadmissible to prove in the instant case.

4. The issue in this action is different from the issue in the other action referred to. The other action was prosecuted to collect money as had and received by the defendant therein for the benefit of the plaintiff therein. In the action at bar defendant is attempting to recover the same amount as damages as the result of the deceit and misrepresentations practiced by plaintiff. The cause of action in the

two cases is the same. In both actions the parties are attempting to recover $100, one as money had and received and the other as damages for false representations. When defendant herein discovered the defects in the fruit—discovered that Lloyd-Garretson Co. had breached its contract to supply the kind of fruit it agreed to supply—defendant here had a choice between three different forms of procedure: It could have done what Willamette Fruit & Produce Co. attempted to do, that is, rescind the contract and sue for the amount it had paid upon it, namely, $100; second, it could have brought a suit in equity to rescind the contract on the ground of fraud; third, it could have done what defendant here has done, namely, waited until Lloyd-Garretson Co. brought action to collect what it claimed to be owing and then counterclaimed for the amount of damages suffered. It was limited to only one of these actions; consequently, if the $100 claim assigned to Willamette Fruit & Produce Co. had been actually litigated in the former action defendant herein would have been concluded by that action. He assigned his claim and if it had been litigated in the former action defendant herein could not relitigate it in a different form: *Stillwell* v. *Hill*, above; *United States Nat. Bank* v. *Shehan*, 98 Or. 155 (193 Pac. 658); *McCabe* v. *Kelleher*, 90 Or. 45 (175 Pac. 608). The test of identity of causes as bearing on the question of *res judicata* is the identity of the facts essential to their maintenance and not the form of the procedure: *Seaweard* v. *First Nat. Bank*, 84 Or. 678, 687 et seq. (165 Pac. 232).

5. One of the issues, if not the principal issue, in this action is the right of plaintiff to recover anything from defendant. If plaintiff breached the con-

tract to sell to defendant a certain brand of peaches free from defects, pests and worms, it should not be permitted to recover for the price of the peaches. The fact that said peaches were shipped will not entitle it to recover if defendant can prove its allegation of deceit and fraud practiced in loading and transporting the peaches. Defendant is entitled to be heard upon this issue. Neither the assignment made by defendant nor the pleadings and other record from the Willamette Fruit & Produce Co. cases is admissible to refute defendant's contention in that behalf. Defendant was not a party to that action. It appears affirmatively from the record that plaintiff's assigned claim was not considered or decided.

Defendant was not induced to enter into the contract of purchase by the fraud and misrepresentations relied on in the instant action. Defendant had entered into the contract with plaintiff for the purchase of said peaches more than a month before the acts of deceit and fraud occurred. Whether or not the shipment of peaches to Portland could have been prevented depends upon the condition of the peaches. Defendant was not bound to accept unsound peaches. Whether or not the peaches were unsound was a question of fact.

If the fruit did not conform to the contract defendant was justified in rejecting it. The determination of that question is for the trier of facts. Defendant's contentions not having been considered and determined in the Willamette Fruit & Produce Co. case, it has not had its day in court.

6, 7. Evidence was received over objection of defendant of the market price of the peaches. This evidence was admitted for the purpose, as we understand the record, of proving the motive on the part

of defendant for rejecting the peaches. Plaintiff claimed that the peaches had decreased in price since the contract for their sale was made; that the peaches were not rejected because they did not conform to the contract but because defendant would likely lose in the resale. This evidence was inadmissible. Defendant's motive is immaterial. If plaintiff performed the contract on its part it was entitled to recover the full price agreed upon, regardless of the market price. The contract contained the price defendant agreed to pay for the peaches. Plaintiff is entitled to recover that price upon delivering peaches as agreed. If plaintiff breached the contract it is not entitled to recover anything because defendant did not receive the peaches. Defendant exercised its right to reject the peaches because it claims the peaches did not conform to the contract either in quality or in manner of packing. The question, therefore, to be answered by the jury was whether or not the peaches, both as to quality and as to manner in which they were packed, fulfilled the contract. Defendant's motive has nothing whatever to do with that issue: 13 C. J. 774, §§ 974, 975; 4 Ency. of Evidence, 32; *Schade* v. *Muller*, 75 Or. 225, 232 (146 Pac. 144); *Taggart* v. *School District No. 1*, 97 Or. 95, 97–99 (188 Pac. 912, 191 Pac. 659).

Whenever motive is relevant to the issue direct evidence thereof is admissible: Jones on Evidence (3 ed.) § 170. But motive in the instant case is not relevant. Defendant might concede that the rejection of the peaches was caused by decline of the price. That concession would not require it to accept peaches materially different from those contracted for. The price, kind of peaches and manner of packing are all embodied in the contract. There

is no dispute about the price or variety of the peaches sold. There is no occasion, therefore, to admit evidence of the motive inducing defendant to reject the peaches.

8. The law of the State of Washington, where the peaches were sold and were to be delivered by the terms of the contract, prohibits the sale or transportation of diseased or infected peaches: Rem. Comp. Stats. Wash., § 2853. The law of the State of Oregon prohibits the importation or transportation of diseased or infected fruit with certain exceptions. These exceptions are not applicable to the instant case: Or. L., § 8881. Now, if the peaches were infected as defendant claims, defendant was not obliged to accept them. Plaintiff knew defendant was purchasing the peaches to resell them. Defendant could not lawfully resell the peaches if they were diseased. That question was clearly presented by the pleadings, and defendant was entitled to the protection of the law. A contract which requires one of the parties thereto to violate the law is not enforceable. If the peaches were diseased as claimed by defendant, plaintiff is not entitled to recover in this action.

"Where the contract violates the positive legislation of the state, that is, where it is contrary to its constitution or statutes, it will not be enforced." 13 C. J. 255, § 26, and long list of authorities cited.

"Clearly the courts cannot recognize as valid a contract founded upon an act which is absolutely forbidden by the law-making department of the government. Broadly speaking, then, there can be no doubt that a contract is illegal if it violates a constitutional statute or if it cannot be performed without the violation of such a statute." 6 R. C. L. 699, § 105, and long list of authorities cited.

*Bernard* v. *Taylor,* 23 Or. 416 (31 Pac. 968, 37 Am. St. Rep. 693, 18 L. R. A. 859); *Hirschfeld* v. *McCullagh,* 64 Or. 502 (130 Pac. 1131); *Ulmann* v. *Kin Daw,* 97 Or. 681, 689 (193 Pac. 435); *Milton-Freewater & Hudson Bay Irr. Co.* v. *Skeen,* 118 Or. 487, 496, 497 (247 Pac. 756). In the instant case the contract is valid. It does not authorize or permit delivery or importation of diseased fruit forbidden by the statutes of the state.

Nothing herein written must be taken as an expression of our opinion on the facts involved in the case. We have not intended to express our opinion as to whether or not plaintiff should recover. What we have said about the facts is for the purpose of applying the law.

For the error committed in receiving inadmissible evidence as above indicated the judgment is reversed and the case remanded for another trial.

REVERSED.

RAND, McBRIDE and ROSSMAN, JJ., concur.